UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JEANETTE PEREZ MACEIRA, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> CUSTOMED, INC. ET AL., <br><br> Defendants. | CIVIL NO. 23-01445-CVR |

# Mays Chemical's Motion to Dismiss and Joinder

**To The Honorable Court**:

**Comes Now**, Mays Chemical Company of Puerto Rico, Inc. ("Mays"), and through the undersigned attorney, respectfully states and prays:

## Introduction

1. The Plaintiffs have once again brought Mays to this suit as an alleged "distributor" in Puerto Rico of the chemical Ethylene Oxide ("EtO"). *See Plaintiffs' Corrected First Amended Class Actions Complaint*, at 3, and ¶¶ 24, 25, 64, 66, and 67. (Docket No. 74) ("Complaint"). As such, and with deficient product liability claims, the Plaintiffs alleged that Mays is liable to them and a Class of similarly situated individuals for some unspecified, unrealized damage, or one that resulted from inhalation of EtO. Mays, however, does not and has never manufactured, owned, sold, marketed, promoted, or distributed EtO. All it does is provide freight services to codefendant Balchem Corporation ("Balchem"). More importantly, Mays does not own or operate sterilization facilities in Puerto Rico and does not use nor emit EtO. Complaint at 8 ¶¶ 29–31, 35.

(Docket No. 74. So, Plaintiffs' claims alleging potential injuries and damages from purported emissions of EtO, including Plaintiffs' negligence and nuisance claims (Counts I, II, III, and X) do not apply to Mays.

2. Now, even taking as true that Mays is a "distributor" of EtO, as Rule 12(b)(6) requires, the Complaint fails to state a claim upon which relief can be granted against Mays. Thus, Mays moves to dismiss with prejudice the Complaint at Docket No. 74. In support, Mays joins and incorporates by reference the arguments formulated and the authorities cited by Balchem in its *Motion to Dismiss Plaintiffs' Complaint Under Federal Rule of Rule of Civil Procedure 12(b)(6)*. (Docket No. 75). Mays is similarly situated as Balchem because it is also brought under a product liability theory.

## Discussion

3. Count I of the Complaint is based on allegations regarding the emission of EtO from sterilizing facilities in Puerto Rico. The Plaintiffs do not allege that Mays owns or operates one of those sterilizing facilities, nor that the damages allegedly suffered by the Plaintiffs resulted from the distribution of EtO. Being so, Mays is not connected in any way to the allegations that gave rise to Count I. As such, and as argued by Balchem in its Motion to Dismiss, this Court should dismiss Count I in favor of Mays. The same goes for Counts II, III, and X. They are all based on emissions of EtO from sterilizing facilities, and nowhere does the Plaintiffs aver that Mays operates a sterilizing facility or that it emits EtO.

4. Counts V, VIII, and IX relating to Strict Liability Design Defect, Negligent Design Defect, and Gross Negligent Design Defect should also be dismissed for, as fully argued by Balchem, the Plaintiffs do not identify a defective design. To begin, EtO cannot be redesigned to reduce or eliminate EtO, because the product is EtO. Secondly, there are

no alternative designs for EtO, and any alteration of the product –the addition of a deodorant, for example, would entail an entirely new product, requiring FDA approval. Last, the design defect claims should be dismissed because the Plaintiffs cannot plausibly plead that a design defect in EtO was the proximate cause of their injuries. Throughout the Complaint, the Plaintiffs allege that it is the emission of EtO that caused the purported damages suffered. Nowhere is the design of the product averred as the cause of the injuries for which the Plaintiffs seek compensation. So, Counts V, VIII, and IX should also be dismissed with prejudice.

5.      Counts IV, VI, and VI against Mays, which present Failure to Warn, Strict Liability Design Defect, and Strict Liability for Failure to Warn and Instruct claims should be dismissed with prejudice as well. First, the Plaintiffs do not allege that Mays is the owner of or possessor of any of the sterilizing facilities. So, Count VI, which relates to Article 1541 of Puerto Rico's Civil Code ("owners or those in possession of property which constitutes a nuisance, as defined by law, for damages resulting from such condition; or for the storage of substances that threaten the safety of others.") is inapplicable to Mays. Second, the Plaintiffs fail to state a failure to warn claim under any other potentially applicable Puerto Rico law, including the 2020 Civil Code (31 L.P.R.A. § 10807) or 1930 Civil Code (31 L.P.R.A. § 5141). As argued by Balchem, "Plaintiffs effectively plead themselves out of a failure to warn claim against [Mays] on causation grounds because they admit in the Complaint that the end users of the product – Sterilizer Defendants – knew or should have known of the potential dangers of EtO. Compl. at 5 ¶ 6." Third, the Plaintiffs also fail to plausibly allege that the warnings Balchem/Mays provided to the Sterilizer Defendants were inadequate. And a review of the warning label provided by Balchem shows that it warns of the dangers of the product, by stating both in English and

3

Spanish: "DANGER! CANCER HAZARD AND REPRODUCTIVE HAZARD," among other warnings.

6. The Plaintiffs' unjust enrichment claim against Mays in Count XI should equally be dismissed with prejudice. First, the allegations under that count are conclusory. Second, the Plaintiffs do not allege the five elements of that cause of action, and by pleading other tort claims, they preclude themselves from an unjust enrichment claim.

7. Last, the personal injury claims against Mays are time-barred because they occurred more than one year before filing. So, they should be dismissed as well, with prejudice.

8. In conclusion, the entire Complaint should be dismissed for failure to state a claim against Mays.

**Wherefore**, Mays respectfully asks this Court to take notice of its joinder to Balchem's Motion to Dismiss (Docket No. 75) and, based on the same arguments formulated and authorities therein cited, proceed to dismiss with prejudice the Corrected First Amended Complaint filed against Mays (Docket No. 74).

**Respectfully Submitted.**

In San Juan, Puerto Rico, this 15th day of April 2024.

**I certify that**, on this date, this document was electronically filed with the Clerk of the Court using the Court's CM/ECF system, which will send electronic notice of this filing to the attorneys of record.

5

**Sánchez-Betances, Sifre & Muñoz-Noya**
PO Box 364428
San Juan, PR 0936
t. 787-756-7880
f. 787-753-6580

*s/Adrián Sánchez-Pagán*
Adrián Sánchez-Pagán
USDPR NO. 223311
asanchez@sbsmnlaw.com