IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JEANETTE PEREZ MACEIRA *et al.*, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CUSTOMED, INC., *et al.*,<br><br>Defendants. | Case No. 3:23-cv-01445-CVR |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO COMPEL RULE 16(a)
CONFERENCE AND MOTION FOR STAY OF DISCOVERY**

**TO THE HONORABLE COURT:**

COME NOW Defendants Edwards LifeSciences Technology S.A.R.L., Medtronic Puerto Rico Operations Co., Steri-Tech, Inc., and Customed, Inc., *by special appearance and without submitting to the jurisdiction or venue of this Honorable Court nor waiving any defense*, through their respective counsel, and respectfully state as follows:

**I.   INTRODUCTION**

Plaintiffs move this Court to order a scheduling conference under Local Rule 16(a). *See* ECF No. 99 ("Motion"). Defendants oppose the motion and respectfully submit that such a conference would be premature at this time. Four motions are currently pending before the Court requesting dismissal of Plaintiffs' novel lawsuit, which seeks to certify a class of over 40,000 residents across the island, all of whom do not allege any present injury, but rather seek medical monitoring without proof that any Defendant's conduct has caused any injury.

Defendants' motions to dismiss raise significant and dispositive issues, including that existing Puerto Rico law does *not* recognize medical monitoring as a form of relief. While

Plaintiffs not surprisingly disagree with Defendants' arguments, Plaintiffs have failed to identify a single instance where no-injury medical monitoring has been recognized as a form of relief under Puerto Rico law. Defendants submit that the Court should resolve the threshold—and potentially dispositive—legal issues before requiring the parties to engage in costly and burdensome discovery. In light of this posture and Plaintiffs' motion, Defendants respectfully request a stay of discovery pending a ruling on the motions to dismiss.

## II. ARGUMENT

### A. The Court Should Deny Plaintiffs' Request for a Rule 16 Schedule Conference.

Under Local Rule 16(a), "a Scheduling Conference **may** be ordered by a judicial officer." L.R. 16(a) (emphasis added). Per the Rule's language, such conferences are not mandatory. Under the rule, "[c]ounsel shall be fully prepared to discuss" a number of topics, each of which relies significantly on the scope of questions at issue in the case. *Id.*

"District courts enjoy broad discretion in administering their dockets," *Macaulay v. Anas*, 321 F.3d 45, 49 (1st Cir. 2003), and "in an era of burgeoning case loads and thronged dockets . . . [i]t is Rule 16 which provides the Court with devices, like a scheduling order, necessary to manage its docket," and properly allocate the limited resources of the Court. *Matter of Sport Int'l, Inc. v. Fox Sport Latin Am., Ltd.*, 04-cv-1997, 2005 WL 8167905, at *3 (D.P.R. Sept. 8, 2005).

Here, the Court should deny Plaintiffs' motion for a scheduling conference at this time as "premature" because pending "motions are potentially dispositive" and "should be resolved prior to the commencement of discovery." *Rupp v. Transcon. Ins. Co.*, No. 2:07-cv-333, 2008 WL 3193069, at *1 (D. Utah Aug. 6, 2008). Four motions to dismiss are currently pending which, if granted in whole, would be dispositive of Plaintiffs' case, and, if granted in part, would significantly limit the scope of discovery. These motions are: (1) Defendants Medtronic Puerto

Rico Operations Co., Edwards Lifesciences Technology S.A.R.L., and Customed, Inc's Motion to Dismiss ("Sterilizer Defendants' Motion") (ECF No. 76); (2) Steri-Tech, Inc.'s Motion for Joinder to Medtronic, et al.'s Motion to Dismiss and Supplementing Arguments (ECF No. 79); (3) Balchem Corporation's Motion to Dismiss (ECF No. 75); and (4) Mays Chemical's Motion to Dismiss and Joinder to Balchem's Motion (ECF No. 78).[1]

Given the scope and significance of the pending motions, a Rule 16(a) conference at this time would be premature and inefficient. In addition to the unprecedented no-injury medical monitoring relief sought by Plaintiffs, the claims brought by the ten named Plaintiffs are stale, having been filed after the one-year statute of limitations without any allegation in the Complaint justifying the filing delay. Furthermore, Plaintiffs' opposition brief did not even attempt to respond to Defendants' argument that each Plaintiff's claims should be dismissed against each Defendant who is not specifically alleged to have injured that Plaintiff (as opposed to the Complaint, which alleges in a sweeping, conclusory fashion that all six Defendants are liable to all ten Plaintiffs, even if a Plaintiff lives on the other end of the island from a Defendant's facility).

As such, at this early stage, it remains highly uncertain whether Plaintiffs have *any* viable claims, and if so, which of the current ten Plaintiffs may or may not have viable claims against which of the six Defendants. In contrast to the multiple case-specific reasons why deferring the Rule 16(a) conference makes sense, Plaintiffs' Motion offers nothing more than generic, conclusory arguments in support of scheduling the conference at the Court's earliest convenience. For example, Plaintiffs argue that any delay in discovery "would prejudice Plaintiffs, by hindering their ability to obtain necessary evidence to prosecute their case" (Mot. at 2), yet their Motion

---

[1] The motions to dismiss were referred to U.S. Magistrate Judge Giselle Lopez-Soler for Report and Recommendation on June 24, 2024 (ECF No. 93).

provides no support for that conclusion and no explanation for why they waited three months after the conclusion of motion-to-dismiss briefing to begin urgently seeking discovery. Plaintiffs also argue that a Rule 16 conference "is proper given the complexity and scope of the issues involved," (Mot. at 3), but as shown above, the "scope of the issues involved" depends entirely on the pending motions to dismiss. Holding the Rule 16(a) conference before a ruling on those motions to dismiss would require the parties to speculate as to, for example, "the need to adopt special procedures for managing potentially difficult or protracted actions that may involve complex issues, multiple parties, difficult legal questions or unusual evidentiary problems." L.R. 16(a)(13).

If Plaintiffs' Complaint survives dismissal, a Rule 16 conference will be essential to efficiently manage the litigation. However, scheduling such a conference now is premature and unwarranted.

### B.  The Court Should Stay Discovery Pending Resolution of the Motions to Dismiss.

The Court has the power to stay discovery "for good cause." Fed. R. Civ. P. 26(c)(1). For many of the same reasons just explained, the Court should also stay discovery until the motions to dismiss are resolved.

District courts have "the responsibility . . . to manage pretrial discovery properly in order to avoid a massive waste of judicial and private resources." *Rivas v. Bank of N.Y. Mellon*, 676 F. App'x 926, 932 (11th Cir. 2017). "Granting a discovery stay until an impending motion to dismiss is resolved is a proper exercise of that responsibility." *Id.*; *see Aponte-Torres v. Univ. of P.R.*, 445 F.3d 50, 54, 59 (1st Cir. 2006) (finding that the district court did not abuse its discretion in staying discovery pending its ruling on defendants' dispositive motion); *see, e.g.*, *Diaz v. Guayanbo*, No. 18-cv-01668, Doc. 80 (D.P.R. June 26, 2019) (granting a stay of discovery pending resolution of

motion to dismiss); *Trinidad v. IDI Holdings P.R., Inc.*, No. 05-cv-1207, Doc. 22 (D.P.R. Oct. 25, 2005) (same).

Whether a stay of discovery is warranted depends on factors such as (1) the plaintiffs' interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiffs of a delay; (2) the burden on the defendants of proceeding with discovery; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *See Rafael Rodriguez Barril, Inc. v. Conbraco Indus., Inc.*, Civil No. 08-1993 (JAG), 2008 WL 11495201, at *1 (D.P.R. Oct. 9, 2008) (granting a stay). Here, those factors weigh in favor of granting a stay of discovery.

*First*, Plaintiffs identify no need to proceed expeditiously—just an unexplained assertion, belied by their silence during the preceding months, that they will be prejudiced unless discovery moves forward immediately. *See* Mot. at 2; *supra*. p. 3–4. *Second*, discovery is likely to be unusually burdensome for Defendants in this case. Many of Plaintiffs' allegations date back decades. *See, e.g.*, ECF No. 74, Corrected Am. Compl. ¶¶ 38, 44, 67, 77–88, 92. And many of Plaintiffs' claims require proof of long-past EtO exposure, which will doubtless prompt Plaintiffs to request long-since-archived documents that are not readily available, if they are available at all, and can be produced only with substantial cost and dedication of resources. Moreover, there are presently ten Plaintiffs, each of whom asserts claims against every Defendant, and many of whom assert numerous, varying health conditions. Plaintiffs do not contest that many of them *entirely lack standing* against many Defendants. Despite that, if discovery commences prior to a motion-to-dismiss ruling, each Plaintiff can request discovery from each Defendant, and each Defendant in turn must begin requesting discovery from each Plaintiff who continues to assert live claims against them (for now).

All told, requiring Defendants to proceed with discovery on stale, years-old claims; requiring Defendants to respond to unusually burdensome discovery requests by Plaintiffs who do not claim to have standing; requiring Defendants proceed with invasive discovery against Plaintiffs whose claims are likely to be dismissed; and requiring Defendants to produce discovery on claims that cannot succeed, despite meritorious pending arguments to dismiss those claims, would be unduly costly and burdensome for Defendants. Therefore, as discovery in this case will be costly and time-consuming, it makes little sense to proceed with extensive discovery when a pending motion to dismiss could render it completely unnecessary. *See Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989) (recognizing that the purpose of Rule 12(b)(6) is to "streamline[ ] litigation by dispensing with needless discovery and factfinding"); *Malanowski v. Wells Fargo Bank N.A. Tr. Option One Mortg. Corp. Tr. 2005-1 Asset-Backed-Certificates, Series 2005-1*, No. CV 3:21-11628-MGM, 2022 WL 2758474, at *2-3 (D. Mass. July 14, 2022) (staying discovery pending decision on a dispositive motion, noting that "if the [dispositive] motion is granted, there will be no need for discovery") (quoting *Chavous v. D.C. Fin. Resp. & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 5 (D.D.C. 2001)).

*Third*, staying discovery would serve the Court's convenience. The Court has referred the motions to dismiss to Magistrate Judge Lopez-Soler. *See* ECF No. 93. The Court's convenience would be best served to permit Magistrate Judge Lopez-Soler to handle the motions to dismiss before potentially becoming entangled in discovery matters.

The final two factors likewise support granting a stay of discovery. No one has identified any harm to nonparties or to the public interest in staying discovery until a ruling on the motions to dismiss determines which claims (if any) are viable and which Plaintiffs (if any) may maintain claims against any Defendants.

Accordingly, good cause exists to stay discovery until the motions to dismiss are resolved.

### III. <u>CONCLUSION</u>

Defendants respectfully request that the Court deny Plaintiffs' Request for Rule 16 Scheduling Conference and instead grant a stay of discovery until the motions to dismiss are resolved.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, this 2nd day of October, 2024.

**WE HEREBY CERTIFY** that on this same date a true and exact copy of this document was filed with the Clerk of Court using the CM/ECF system, which will notify a copy to counsel of record.

**O'NEILL & BORGES LLC**
250 Ave. Muñoz Rivera, Ste. 800
San Juan, PR  00918
Tel:  (787) 764-8181
Fax:  (787) 753-8944
carlos.valldejuly@oneillborges.com
ricardo.casellas@oneillborges.com

<u>s/Ricardo J. Casellas</u>
Ricardo J. Casellas-Santana (USDC-PR No. 302003)

Carlos A. Valldejuly-Sastre (USDC-PR No. 209505)

John Ewald (*pro hac vice* admission pending)
**KING & SPALDING LLP**
1185 Avenue of the Americas, 34th Floor
New York, NY 10036
Tel:  (212) 556-2100
Fax:  (212) 556-2222
jewald@kslaw.com

Carmen R. Toledo (*pro hac vice* admission pending)
**KING & SPALDING LLP**
1180 Peachtree St., NE, Ste. 1600

Atlanta, GA 30309
Tel: (404) 572-4600
Fax: (404) 572-5100
ctoledo@kslaw.com

*Counsel for Edwards LifeSciences S.A.R.L*


_____
A.M. Cristina Pérez-Soto (USDC-PR No. 218604)
Sharyl A. Reisman (*pro hac vice*)
**JONES DAY**
250 Vesey St.
New York, NY 10281
Tel: (212) 326-3939
Fax: (212) 755-7306
cperezsoto@JonesDay.com
sareisman@JonesDay.com


Carlos J. Fernández-Lugo
USDC-PR No. 210305
cfl@mcvpr.com
**McCONNELL VALDÉS LLC**
PO Box 364225
San Juan, PR 00936-4225
270 Muñoz Rivera Avenue
San Juan, Puerto Rico 00918
Telephone: (787) 250-5669
Fax: (787) 759-8282

Leslie Y. Flores-Rodriguez
USDC-PR No. 223601
lfr@mcvpr.com
**McCONNELL VALDÉS LLC**
270 Muñoz Rivera Avenue
Hato Rey, Puerto Rico 00918
Telephone: (787) 759-9292
Fax: (787) 759-8282

*Counsel for Medtronic PR, Inc.*


_____

        Lee R. Sepulvado Ramos (USDC-PR Bar No. 211912)
        Albéniz Couret Fuentes (USDC-PR Bar No. 222207)
        **SEPULVADO, MALDONADO & COURET**
        304 Ave. Ponce de León
        Suite 990
        San Juan, PR 00918
        Tel: (787) 765-5656
        Fax: (787) 294-0073
        lsepulvado@smclawpr.com
        acouret@smclawpr.com

        *Counsel for Customed, Inc.*

---

**Ferraiuoli**

PO Box 195168
San Juan, PR 00919-5168
Tel.: 787.766.7000
Fax: 787.766.7001

*s/ Roberto A. Cámara-Fuertes*
**Roberto A. Cámara-Fuertes**
USDC-PR 219002
Email: rcamara@ferraiuoli.com

*s/ Jaime A. Torrens-Dávila*
**Jaime A. Torrens-Dávila**
USDC-PR 223810
Email: jtorrens@ferraiuoli.com

*Counsel for Steri-Tech, Inc.*