## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JEANETTE PÉREZ MACEIRA, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>CUSTOMED, INC., *et al.*,<br><br>Defendants. | CIVIL NO. 3:23-cv-01445-CVR |

## <u>STERI-TECH'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT (ECF 74)</u>

**TO THE HONORABLE COURT:**

**COMES NOW** co-defendant Steri-Tech, Inc. ("<u>Steri-Tech</u>"), through undersigned counsel, and hereby submits its Answer to the remaining claims and causes of action in *Plaintiffs' Corrected First Amended Class Action Complaint and Demand for a Jury Trial* ("<u>Amended Complaint</u>") (**ECF 74**)[1] with Affirmative Defenses and, except as hereinafter expressly admitted, denies each and every allegation, statement and matter contained in the Amended Complaint.

---

[1] On February 29, 2024, putative class action plaintiffs filed a 39-page Amended Complaint against Balchem Corp. ("Balchem"), Mays Chemical Company of Puerto Rico, Inc. ("Mays"), Edwards Lifesciences Technology Sarl ("Edwards"), Customed, Inc. ("Customed"), Medtronic, and Steri-Tech, which contained 11 counts (or causes of action) and 199 allegations plus the prayer for relief. **ECF 74**. On October 23, 2025, this Court entered an *Opinion and Order* ruling on Defendants' dispositive motions, including granting in part and denying in part the *Motions to Dismiss* by co-defendants Customed, Medtronic, and Steri-Tech ("<u>Sterilizer Defendants</u>"). **ECF 123**. The Court dismissed with prejudice all claims against co-defendants Balchem, Mays, and Edwards, as well as all causes of action for gross negligence (Count II), restitution/unjust enrichment (Count XI), and product liability (Counts IV through IX) against the Sterilizer Defendants. Only the following claims and causes of action survived:
    a. Negligence (Count I) against:
        i. Steri-Tech as to co-plaintiffs: Jeanette Pérez-Maceira, José Mateo-Pérez, Lilliam Ortiz, Danisha Ortiz-Santiago, Yamel Santiago-Rivera, Elba Meléndez-Figueroa, and Lianibel Colón-Sánchez;
        ii. Medtronic as to co-plaintiff: Idalia Vargas-Gratacós; and
        iii. Customed as to co-plaintiff: Juana Castro-Moreno.
    b. Public and private nuisance (Counts III and X) against the Sterilizer Defendants.
The *Opinion and Order* further directed the remaining co-defendants, including Steri-Tech, to answer the Amended Complaint by today, November 13, 2025. <u>Id.</u>, at p. 14.

## NATURE OF ACTION

The allegations in this unnumbered section of the Amended Complaint consist of conclusions of law, generalizations, and references to external publications rather than factual averments requiring a response. In the event that a response is warranted, Steri-Tech denies the allegations and only admits that it operates an ethylene oxide (EtO) sterilization facility in Salinas, Puerto Rico. Steri-Tech denies the remaining allegations, including that any violations occurred or are continuing. To the extent the allegation purports to assert any causal relationship between the alleged damages suffered by Plaintiffs and/or any act or omission by Steri-Tech, Steri-Tech denies such allegations. More fundamentally, Plaintiffs' claims lack causation. Also, Plaintiffs' request for medical monitoring damages fails as a matter of law without a present injury. Furthermore, Plaintiffs' claims are time barred. Steri-Tech denies any allegation that asserts that it failed to comply with applicable regulations, laws and/or instructions of any corresponding institution.

## INTRODUCTION

1.      The allegations in paragraph one (1) of the Amended Complaint are not directed at Steri-Tech and therefore do not warrant a response. To the extent a response is required, Steri-Tech states that statements by the National Toxicology Program ("NTP"), whether quoted, referred to, or relied upon, any characterization or inaccurate representation thereof is denied.

2.      The allegations in paragraph two (2) of the Amended Complaint, which consist of improper defendant group pleading, are denied.

3.      The allegations in paragraph three (3) of the Amended Complaint are denied. Steri-Tech states that any statements by the United States Environmental Protection Agency ("EPA"), whether quoted, referred to, or relied upon, any characterization or inaccurate representation thereof is denied.

4.     The allegations in paragraph four (4) of the Amended Complaint, which consist of improper defendant group pleading, are denied.

5.     The allegations in paragraph five (5) of the Amended Complaint, which consist of improper defendant group pleading, are denied.

6.     The allegations in paragraph six (6) of the Amended Complaint, which consist of improper defendant group pleading, are denied.

7.     The allegations in paragraph seven (7) of the Amended Complaint are not directed at Steri-Tech and therefore do not warrant a response. To the extent a response is required, Steri-Tech states that any statements by the Union of Concerned Scientists ("UCS") whether quoted, referred to, or relied upon, any characterization or inaccurate representation thereof is denied.

8.     The allegations in paragraph eight (8) of the Amended Complaint are not directed at Steri-Tech and therefore do not warrant a response. To the extent a response is required, Steri-Tech states that any statements by the UCS whether quoted, referred to, or relied upon, any characterization or inaccurate representation thereof is denied.

**THE PARTIES**

9.      Steri-Tech lacks sufficient knowledge or information sufficient to form a belief about the truth of the allegations in paragraph nine (9) of the Amended Complaint and therefore denies such allegations.

10.     Steri-Tech lacks sufficient knowledge or information sufficient to form a belief about the truth of the allegations in paragraph ten (10) of the Amended Complaint and therefore denies such allegations.

11.     Steri-Tech lacks sufficient knowledge or information sufficient to form a belief about the truth of the allegations in paragraph eleven (11) of the Amended Complaint and therefore denies such allegations.

12.     Steri-Tech lacks sufficient knowledge or information sufficient to form a belief about the truth of the allegations in paragraph twelve (12) of the Amended Complaint and therefore denies such allegations.

13.     Steri-Tech lacks sufficient knowledge or information sufficient to form a belief about the truth of the allegations in paragraph thirteen (13) of the Amended Complaint and therefore denies such allegations.

14.     Steri-Tech lacks sufficient knowledge or information sufficient to form a belief about the truth of the allegations in paragraph fourteen (14) of the Amended Complaint and therefore denies such allegations.

15.     Steri-Tech lacks sufficient knowledge or information sufficient to form a belief about the truth of the allegations in paragraph fifteen (15) of the Amended Complaint and therefore denies such allegations.

16.     No response is required from Steri-Tech to paragraph sixteen (16) of the Amended Complaint because co-plaintiff Iris M. Rivera Vargas' claims were dismissed pursuant to the Opinion and Order (**ECF 123**).

17.     No response is required from Steri-Tech to paragraph seventeen (17) of the Amended Complaint because co-plaintiff Idalia Vargas Gratacos' claims were dismissed pursuant to the Opinion and Order (**ECF 123**).

18. No response is required from Steri-Tech to paragraph eighteen (18) of the Amended Complaint because co-plaintiff Juana Castro Moreno's claims were dismissed pursuant to the Opinion and Order (**ECF 123**).

19. The allegations in paragraph nineteen (19) of the Amended Complaint are not directed at Steri-Tech and therefore do not warrant a response. The claims against Balchem were dismissed pursuant to the Opinion and Order (**ECF 123**). To the extent a response is required, Steri-Tech denies the allegations in this paragraph for lack of knowledge or information sufficient to form a belief about the veracity of the allegations.

20. The allegations in paragraph twenty (20) of the Amended Complaint are not addressed or directed at Steri-Tech and therefore do not warrant a response. To the extent a response is required, Steri-Tech denies the allegations in this paragraph for lack of knowledge or information sufficient to form a belief about the veracity of the allegations.

21. The allegations in paragraph twenty-one (21) of the Amended Complaint are not addressed or directed at Steri-Tech and therefore do not warrant a response. To the extent a response is required, Steri-Tech denies the allegations in this paragraph for lack of knowledge or information sufficient to form a belief about the veracity of the allegations.

22. The allegations in paragraph twenty-two (22) of the Amended Complaint are not addressed or directed at Steri-Tech and therefore do not warrant a response. The claims against Edwards were dismissed pursuant to the Opinion and Order (**ECF 123**). To the extent a response is required, Steri-Tech denies the allegations in this paragraph for lack of knowledge or information sufficient to form a belief about the veracity of the allegations.

23. The allegations in paragraph twenty-three (23) are admitted.

24.     The allegations in paragraph twenty-four (24) of the Amended Complaint are not addressed or directed at Steri-Tech and therefore do not warrant a response. The claims against Mays were dismissed pursuant to the Opinion and Order (**ECF 123**). To the extent a response is required, Steri-Tech denies the allegations in this paragraph for lack of knowledge or information sufficient to form a belief about the veracity of the allegations.

25.     Of the allegations in paragraph twenty-five (25) of the Amended Complaint, Steri-Tech admits that it operates a sterilization facility in Salinas, Puerto Rico and uses EtO.  The remaining allegations are denied per the Opinion and Order (**ECF 123**).

### JURISDICTION AND VENUE

26.     The allegations in paragraph twenty-six (26) of the Amended Complaint are a conclusion of law and do not warrant a response from Steri-Tech. In the event that a response is warranted, Steri-Tech denies the allegations. However, Steri-Tech affirmatively alleges that the Plaintiffs bear the burden of showing that the Court has jurisdiction.

27.     The allegations in paragraph twenty-seven (27) of the Amended Complaint are a conclusion of law and do not warrant a response from Steri-Tech. In the event that a response is warranted, Steri-Tech states that it operates a sterilization facility in Salinas, Puerto Rico, and denies the remaining allegations. However, Steri-Tech affirmatively alleges that Plaintiffs bear the burden of showing that the Court has jurisdiction.

28.     The allegations in paragraph twenty-eight (28) of the Amended Complaint include conclusions of law and do not warrant a response from Steri-Tech. To the extent a response is required, Steri-Tech states that it operates a sterilization facility in Salinas, Puerto Rico, and denies any allegation that it committed any act or omission that would entitle plaintiffs to any relief.

## COMMON FACTUAL ALEGATIONS

29. Steri-Tech lacks sufficient knowledge or information sufficient to form a belief about the truth of the allegations in paragraph twenty-nine (29) of the Amended Complaint, and therefore denies the same. It is affirmatively alleged that Steri-Tech has acted prudently and diligently and/or pursuant to applicable law, regulations or the instructions of any corresponding institution.

30. Steri-Tech denies the allegations in paragraph thirty (30) of the Amended Complaint. It is affirmatively alleged that Steri-Tech has acted prudently and diligently and/or pursuant to applicable law, regulations or the instructions of any corresponding institution.

31. Steri-Tech denies the allegations in paragraph thirty-one (31) of the Amended Complaint. It is affirmatively alleged that Steri-Tech has acted prudently and diligently and/or pursuant to applicable law, regulations or the instructions of any corresponding institution.

32. Of the allegations in paragraph thirty-two (32) of the Amended Complaint, Steri-Tech admits that EtO is odorless, colorless, and flammable at certain temperatures, but denies the remaining allegations as drafted.

33. The allegations in paragraph thirty-three (33) of the Amended Complaint are admitted.

34. The allegations in paragraph thirty-four (34) of the Amended Complaint are not addressed or directed at Steri-Tech and therefore do not warrant a response. To the extent that a response is required, Steri-Tech admits that EtO is used in sterilization processes involving medical equipment. The remaining allegations are denied.

35.     The allegations in paragraph thirty-five (35) of the Amended Complaint are denied. It is affirmatively alleged that Steri-Tech has acted prudently and diligently and/or pursuant to applicable law, regulations or the instructions of any corresponding institution.

36.     Of the allegations in paragraph thirty-six (36) of the Amended Complaint, Steri-Tech admits that EtO is highly reactive, but denies the remaining allegations.

37.     The allegations in paragraph thirty-seven (37) of the Amended Complaint, which consist of improper defendant group pleading, are denied.  It is affirmatively alleged that Steri-Tech has acted prudently and diligently and/or pursuant to applicable law, regulations or the instructions of any corresponding institution.  Steri-Tech further states that any statements by the EPA, whether quoted, referred to, or relied upon, any characterization or inaccurate representation thereof is denied.

38.     The allegations in paragraph thirty-eight (38) of the Amended Complaint, which consist of improper defendant group pleading, are denied. It is further alleged that Steri-Tech has acted prudently and diligently and/or pursuant to applicable law, regulations or the instructions of any corresponding institution.

39.     The allegations in paragraph thirty-nine (39) of the Amended Complaint are denied. It is further alleged that Steri-Tech has acted prudently and diligently and/or pursuant to applicable law, regulations or the instructions of any corresponding institution.

40.     The allegations in paragraph forty (40) of the Amended Complaint, which consist of improper defendant group pleading, are denied. It is further alleged that Steri-Tech has acted prudently and diligently and/or pursuant to applicable law, regulations or the instructions of any corresponding institution. Steri-Tech further asserts that any statements by the EPA, whether

quoted, referred to, or relied upon, any characterization or inaccurate representation thereof is also denied.

41. The allegations in paragraph forty-one (41) of the Amended Complaint, which consist of improper defendant group pleading, are denied. Steri-Tech states that any statements by the National Institute of Occupational Safety and health ("NIOSH"), U.S. Department of Health and Human Services, World Health Organization ("WHO"), and EPA, whether quoted, referred to, or relied upon, any characterization or inaccurate representation thereof is denied.

42. The allegations in paragraph forty-two (42) of the Amended Complaint are denied. Steri-Tech states that any statement by the EPA whether quoted, referred to, or relied upon, any characterization or inaccurate representation thereof is denied.

43. The allegations in paragraph forty-three (43) of the Amended Complaint are denied. It is further alleged that Steri-Tech has acted prudently and diligently and/or pursuant to applicable law, regulations or the instructions of any corresponding institution.

44. The allegations in paragraph forty-four (44) of the Amended Complaint, which consist of improper defendant group pleading, are denied. It is further alleged that Steri-Tech has acted prudently and diligently and/or pursuant to applicable law, regulations or the instructions of any corresponding institution.

45. The allegations in paragraph forty-five (45) of the Amended Complaint, which consist of improper defendant group pleading, are denied. It is further alleged that Steri-Tech has acted prudently and diligently and/or pursuant to applicable law, regulations or the instructions of any corresponding institution.

46. The allegations in paragraph forty-six (46) of the Amended Complaint, which consist of improper defendant group pleading, are denied. It is further alleged that Steri-Tech has

acted prudently and diligently and/or pursuant to applicable law, regulations or the instructions of any corresponding institution.

47.     The allegations in paragraph forty-seven (47) of the Amended Complaint are not addressed or directed at Steri-Tech and therefore do not warrant a response. To the extent a response is required, Steri-Tech states that any statement by the EPA whether quoted, referred to, or relied upon, any characterization or inaccurate representation thereof is denied.

48.     The allegations in paragraph forty-eight (48) of the Amended Complaint are not addressed or directed at Steri-Tech and therefore do not warrant a response. It is affirmatively alleged that Steri-Tech has acted prudently and diligently and/or pursuant to applicable law, regulations or the instructions of any corresponding institution.

49.     The allegations in paragraph forty-nine (49) of the Amended Complaint are not addressed or directed at Steri-Tech and therefore do not warrant a response. Steri-Tech only admits that certain commercial medical equipment sterilizers use EtO for sterilization. The remaining allegations are denied.

50.     The allegations in paragraph fifty (50) of the Amended Complaint are not addressed or directed at Steri-Tech and therefore do not warrant a response, to the extent a response is required, Steri-Tech states than any statements by the EPA whether quoted, referred to, or relied upon, any characterization or inaccurate representation thereof is denied. It is affirmatively alleged that Steri-Tech has acted prudently and diligently and/or pursuant to applicable law, regulations or the instructions of any corresponding institution.

51.     The allegations in paragraph fifty-one (51) of the Amended Complaint are not addressed or directed at Steri-Tech and therefore do not warrant a response. To the extent a response is required, Steri-Tech only admits that EtO is a colorless flammable gas at certain

temperatures. Steri-Tech lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies the same. It is affirmatively alleged that Steri-Tech has acted prudently and diligently and/or pursuant to applicable law, regulations or the instructions of any corresponding institution.

52. The allegations in paragraph fifty-two (52) of the Amended Complaint are not addressed or directed at Steri-Tech and therefore do not warrant a response. It is affirmatively alleged that Steri-Tech has acted prudently and diligently and/or pursuant to applicable law, regulations or the instructions of any corresponding institution.

53. The allegations in paragraph fifty-three (53) of the Amended Complaint are not addressed or directed at Steri-Tech and therefore do not warrant a response. To the extent that a response is required, Steri-Tech only admits that Eto is odorless. The remaining allegations are denied.

54. Steri-Tech admits that it has not added additional "odorous substances" to the EtO used for sterilization, and denies the remaining allegations in paragraph fifty-four (54) of the Amended Complaint. It is affirmatively alleged that Steri-Tech has acted prudently and diligently and/or pursuant to applicable law, regulations or the instructions of any corresponding institution.

55. The allegations in paragraph fifty-five (55) of the Amended Complaint are not addressed or directed at Steri-Tech and therefore do not warrant a response. It is further asserted that claims against Balchem were dismissed pursuant to the Opinion and Order (**ECF 123**).

56. The allegations in paragraph fifty-six (56) of the Amended Complaint are not addressed or directed at Steri-Tech and therefore do not warrant a response. Steri-Tech states that any statement by the EPA, whether quoted, referred to, or relied upon, any characterization or

inaccurate representation thereof is denied. It is further asserted that claims against Balchem were dismissed pursuant to the Opinion and Order (**ECF 123**).

57.      The allegations in paragraph fifty-seven (57) of the Amended Complaint are not addressed or directed at Steri-Tech and therefore do not warrant a response. Steri-Tech states that any statement by the EPA, whether quoted, referred to, or relied upon, any characterization or inaccurate representation thereof is denied. It is further asserted that claims against Balchem were dismissed pursuant the Opinion and Order (**ECF 123**).

58.      The allegations in paragraph fifty-eight (58) of the Amended Complaint are not addressed or directed at Steri-Tech and therefore do not warrant a response. Steri-Tech states that any statement by the EPA, whether quoted, referred to, or relied upon, any characterization or inaccurate representation thereof is denied. It is further asserted that claims against Balchem were dismissed pursuant to the Opinion and Order (**ECF 123**).

59.      Of the allegations in paragraph fifty-nine (59) of the Amended Complaint, it is admitted that Balchem provides training to Steri-Tech. The rest of the allegations in paragraph fifty-nine (59) of the Amended Complaint are not addressed or directed at Steri-Tech and therefore do not warrant a response.

60.      The allegations in paragraph sixty (60) of the Amended Complaint are not addressed or directed at Steri-Tech and therefore do not warrant a response. It is further asserted that claims against Balchem were dismissed pursuant to the Opinion and Order (**ECF 123**).

61.      The allegations in paragraph sixty-one (61) of the Amended Complaint are not addressed or directed at Steri-Tech and therefore do not warrant a response. It is further asserted that claims against Balchem were dismissed pursuant to the Opinion and Order (**ECF 123**).

62.     The allegations in paragraph sixty-two (62) of the Amended Complaint are not addressed or directed at Steri-Tech and therefore do not warrant a response. It is further asserted that claims against Balchem were dismissed pursuant to the Opinion and Order (**ECF 123**).

63.     The allegations in paragraph sixty-three (63) of the Amended Complaint are not addressed or directed at Steri-Tech and therefore do not warrant a response. It is further asserted that claims against Balchem were dismissed pursuant to the Opinion and Order (**ECF 123**).

64.     Of the allegations in paragraph sixty-four (64) of the Amended Complaint it is admitted that Balchem supplies EtO to Steri-Tech through Mays. The remaining allegations in this paragraph are vague and ambiguous, and therefore, are denied.

65.     Steri-Tech denies the allegations in paragraph sixty-five (65) of the Amended Complaint insofar as they pertain to Steri-Tech. Steri-Tech lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, which are not directed at Steri-Tech, and therefore denies the same. It is affirmatively alleged that Steri-Tech has acted prudently and diligently and/or pursuant to applicable law, regulations or the instructions of any corresponding institution.

66.     The allegations in paragraph sixty-six (66) of the Amended Complaint are denied. It is affirmatively alleged that Steri-Tech has acted prudently and diligently and/or pursuant to applicable law, regulations or the instructions of any corresponding institution.

67.     Steri-Tech denies the allegations in paragraph sixty-seven (67) of the Amended Complaint insofar as they pertain to Steri-Tech. Steri-Tech lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore, denies the same.

68.    The allegations in paragraph sixty-eight (68) of the Amended Complaint are not directed to Steri-Tech and therefore do not warrant a response. To the extent a response is deemed necessary, Steri-Tech denies the allegations in this paragraph on this basis.

69.    The allegations in paragraph sixty-nine (69) of the Amended Complaint are denied. It is affirmatively alleged that there is no casual relation between any of Steri-Tech's actions and the alleged damages that Plaintiffs claim to have suffered. It is further alleged that Steri-Tech did not act, or failed to act, in any way that could be considered the proximate or efficient cause of Plaintiffs' alleged damages.

70.    The allegations in paragraph seventy (70) of the Amended Complaint are not addressed or directed to Steri-Tech and therefore do not warrant a response. To the extent a response is deemed necessary, Steri-Tech denies the allegations in this paragraph on this basis.

71.    The allegations in paragraph seventy-one (71) of the Amended Complaint are denied. It is affirmatively alleged that there is no casual relation between any of Steri-Tech's actions and the alleged damages that Plaintiffs claim to have suffered. It is further alleged that Steri-Tech did not act, or failed to act, in any way that could be considered the proximate or efficient cause of Plaintiffs' alleged damages.

72.    The allegations in paragraph seventy-two (72) of the Amended Complaint are not addressed or directed to Steri-Tech and therefore do not warrant a response. To the extent a response is deemed necessary, Steri-Tech only admits that with regards to certain forms of cancer, procedures exist for detection and monitoring of disease processes and progression. However, given the wide breadth of allegations and lack of specificity in the Complaint, the remaining allegations in this paragraph are denied.

73.     The allegations in paragraph seventy-three (73) of the Amended Complaint are not addressed or directed to Steri-Tech and therefore do not warrant a response. To the extent a response is deemed necessary, Steri-Tech denies the allegations in this paragraph on this basis.

74.     The allegations in paragraph seventy-four (74) of the Amended Complaint are not directed to Steri-Tech and therefore do not warrant a response. To the extent a response is deemed necessary, Steri-Tech denies the allegations in this paragraph on this basis, including any assertion that Plaintiffs or any putative class members are entitled to medical monitoring, diagnostic testing, or any related damages.

75.     The allegations in paragraph seventy-five (75) of the Amended Complaint are denied. It is affirmatively alleged that Steri-Tech has acted prudently and diligently and/or pursuant to applicable law, regulations or the instructions of any corresponding institution. Steri-Tech further denies that it is liable for, or should bear, any costs or economic burdens related to the alleged medical care or monitoring described in the Amended Complaint.

76.     The allegations in paragraph seventy-six (76) of the Amended Complaint are denied. It is affirmatively alleged that there is no casual relation between any of Steri-Tech's actions and the alleged damages that Plaintiffs claim to have suffered. It is further alleged that Steri-Tech did not act, or failed to act, in any way that could be considered the proximate or efficient cause of Plaintiffs' alleged damages, and denies that Plaintiffs or any putative class members are entitled to any of the damages or remedies sought in connection therewith.

## FACTS SPECIFIC TO PLAINTIFFS

77.     Steri-Tech lacks sufficient knowledge or information sufficient to form a belief about the truth of the allegations in paragraph seventy-seven (77) of the Amended Complaint, and on that basis, denies the same. Steri-Tech affirmatively alleges that it has acted prudently and

diligently and in compliance with applicable laws and regulations, and that no act or omission by Steri-Tech was the proximate, efficient, or legal cause of the alleged damages. It is further alleged that Mrs. Pérez was diagnosed with breast cancer in 2016, that is, ***7 years before*** the original Complaint was filed in August 2023. Therefore, Mrs. Pérez had until 2017 to file her claim but failed to timely do so.

78. Steri-Tech lacks sufficient knowledge or information sufficient to form a belief about the truth of the allegations in paragraph seventy-eight (78) of the Amended Complaint, and on that basis, denies the same. Steri-Tech affirmatively alleges that it has acted prudently and diligently and in compliance with applicable laws and regulations, and that no act or omission by Steri-Tech was the proximate, efficient, or legal cause of the alleged damages. It is further alleged that Mr. Mateo conveniently omitted to allege in the Amended Complaint a diagnosis date for his asthma but alleged in the original Complaint that "he was born in 1980" and "developed asthma in 1984 when he was four years old" (**ECF 1**, p. 4, ¶ 7), which means that he was diagnosed with asthma ***19 years before*** the original Complaint was filed in August 2023. Mr. Mateo turned 21 years old, legal age in Puerto Rico, in 2001. He had until 2002 to file his claim but failed to timely do so.

79. Steri-Tech lacks sufficient knowledge or information sufficient to form a belief about the truth of the allegations in paragraph seventy-nine (79) of the Amended Complaint, and on that basis, denies the same. Steri-Tech affirmatively alleges that it has acted prudently and diligently and in compliance with applicable laws and regulations, and that no act or omission by Steri-Tech was the proximate, efficient, or legal cause of the alleged damages. It is further alleged that Mrs. Ortiz "was diagnosed with thyroid cancer in 2022," while conveniently omitting to allege the specific date or month of the diagnosis and has not lived in the subject area in Salinas since

2007, which is ***16 years before*** the original Complaint was filed in August 2023. Without any allegation of the specific date, month (and/or day of the month), her claim is untimely since she did not allege that her diagnosis was received between January 1 and August 29 of 2022, considering that this action was filed on August 29, 2023.

80.     Steri-Tech lacks sufficient knowledge or information sufficient to form a belief about the truth of the allegations in paragraph eighty (80) of the Amended Complaint and on that basis, denies the same. Steri-Tech affirmatively alleges that it has acted prudently and diligently and in compliance with applicable laws and regulations, and that no act or omission by Steri-Tech was the proximate, efficient, or legal cause of the alleged damages. It is further alleged that Mrs. Ortiz Santiago "was diagnosed with Spina Bifida on April 29, 1994," which is ***29 years*** before the original Complaint was filed in August 2023, and has not lived in the subject area in Salinas since 2003, which is ***20 years before*** the original Complaint was filed. From such allegations, her claims should have been brought many years ago but failed to timely do so.

81.     Steri-Tech lacks sufficient knowledge or information sufficient to form a belief about the truth of the allegations in paragraph eighty-one (81) of the Amended Complaint, and on that basis, denies the same. Steri-Tech affirmatively alleges that it has acted prudently and diligently and in compliance with applicable laws and regulations, and that no act or omission by Steri-Tech was the proximate, efficient, or legal cause of the alleged damages. It is further alleged that Mrs. Santiago has not lived in the subject area in Salinas since 2002, which is ***21 years*** before the original Complaint was filed in August 2023, and was diagnosed with "Thyroid issues in 1976 and Arthritis in 2021," which is ***47 years and 2 years, respectively, before*** the original Complaint was filed. Her claims should have been brought within 1-year of the respective diagnostics but failed to timely do so.

82.     Steri-Tech lacks sufficient knowledge or information sufficient to form a belief about the truth of the allegations in paragraph eighty-two (82) of the Amended Complaint, and on that basis, denies the same. Steri-Tech affirmatively alleges that it has acted prudently and diligently and in compliance with applicable laws and regulations, and that no act or omission by Steri-Tech was the proximate, efficient, or legal cause of the alleged damages. It is further alleged Mrs. Meléndez has not lived in the subject area in Salinas since 2019, which is *4 years* before the original Complaint was filed in August 2023, and was diagnosed with "maxillary sinus cancer on May 26, 2015," which is *8 years before* the original Complaint was filed. Her claims should have been brought within 1-year of the diagnostic but failed to timely do so.

83.     Steri-Tech lacks sufficient knowledge or information sufficient to form a belief about the truth of the allegations in paragraph eighty-three (83) of the Amended Complaint, and on that basis, denies the same. Steri-Tech affirmatively alleges that it has acted prudently and diligently and in compliance with applicable laws and regulations, and that no act or omission by Steri-Tech was the proximate, efficient, or legal cause of the alleged damages. It is further alleged that Mrs. Colón has not lived in the subject area in Salinas since 2017, which is *6 years* before the original Complaint was filed in August 2023, and was diagnosed with asthma in 2021," which is *3 years before* the original Complaint was filed. Her claims should have been brought within 1-year of the diagnostic but failed to timely do so.

84.     Steri-Tech lacks sufficient knowledge or information sufficient to form a belief about the truth of the allegations in paragraph eighty-four (84) of the Amended Complaint, and on that basis, denies the same.

85.     Steri-Tech lacks sufficient knowledge or information sufficient to form a belief about the truth of the allegations in paragraph eighty-five (85) of the Amended Complaint, and on that basis, denies the same.

86.     Steri-Tech lacks sufficient knowledge or information sufficient to form a belief about the truth of the allegations in paragraph eighty-six (86) of the Amended Complaint, and on that basis, denies the same.

87.     Steri-Tech lacks sufficient knowledge or information sufficient to form a belief about the truth of the allegations in paragraph eighty-seven (87) of the Amended Complaint, and on that basis, denies the same. Steri-Tech further states that any statements by the EPA, whether quoted, referred to, or relied upon, any characterization or inaccurate representation thereof is denied It is affirmatively alleged that Steri-Tech has acted prudently and diligently and in compliance with applicable laws and regulations, and that no act or omission by Steri-Tech was the proximate, efficient, or legal cause of the alleged damages.

88.     The allegations in paragraph eighty-eight (88) of the Amended Complaint, which consist of improper defendant group pleading, are denied. It is further alleged that Steri-Tech has always acted within the established framework of its authority and duties. Steri-Tech affirmatively alleges that it has acted prudently and diligently and in compliance with applicable laws and regulations, and that no act or omission by Steri-Tech was the proximate, efficient, or legal cause of the alleged damages.

89.     The allegations in paragraph eighty-nine (89) of the Amended Complaint, which consist of improper defendant group pleading, are denied. It is affirmatively alleged that Plaintiffs' claims are time-barred.

90.     Steri-Tech lacks sufficient knowledge or information sufficient to form a belief about the truth of the allegations in paragraph ninety (90) of the Amended Complaint, and on that basis, denies the same. Steri-Tech further states that any statements by the EPA, whether quoted, referred to, or relied upon, any characterization or inaccurate representation thereof is denied. Steri-Tech affirmatively alleges that it has acted prudently and diligently and in compliance with applicable laws and regulations, and that no act or omission by Steri-Tech was the proximate, efficient, or legal cause of the alleged damages.

91.     The allegations in paragraph ninety-one (91) of the Amended Complaint are denied as drafted. Steri-Tech further states that any statements by the EPA, whether quoted, referred to, or relied upon, any characterization or inaccurate representation thereof is denied. Steri-Tech affirmatively alleges that it has acted prudently and diligently and in compliance with applicable laws and regulations, and that no act or omission by Steri-Tech was the proximate, efficient, or legal cause of the alleged damages.

92.     The allegations in paragraph ninety-two (92) of the Amended Complaint are vague, ambiguous, and not directed at Steri-Tech and therefore do not warrant a response. To the extent a response is deemed necessary, Steri-Tech denies the allegations in paragraph ninety-two (92) on this basis. Steri-Tech further states that any statements by the EPA, whether quoted, referred to, or relied upon, any characterization or inaccurate representation thereof is denied. Steri-Tech affirmatively alleges that it has acted prudently and diligently and in compliance with applicable laws and regulations, and that no act or omission by Steri-Tech was the proximate, efficient, or legal cause of the alleged damages.

93.     The allegations in paragraph ninety-three (93) of the Amended Complaint are not directed at Steri-Tech and therefore do not warrant a response. To the extent a response is deemed

necessary, Steri-Tech denies the allegations in this paragraph on this basis. Steri-Tech further states that any statements by the EPA, whether quoted, referred to, or relied upon, any characterization or inaccurate representation thereof is denied. Steri-Tech affirmatively alleges that it has acted prudently and diligently and in compliance with applicable laws and regulations, and that no act or omission by Steri-Tech was the proximate, efficient, or legal cause of the alleged damages.

94.     Steri-Tech denies the allegations in paragraph ninety-four (94) of the Amended Complaint. Steri-Tech further states that it lacks knowledge or information sufficient to form a belief as to the accuracy, source, or methodology of the data referenced therein, and denies any implication that such information establishes responsibility or causation on the part of Steri-Tech.

95.     Steri-Tech denies the allegations in paragraph ninety-five (95) of the Amended Complaint. Steri-Tech states that it lacks knowledge or information sufficient to form a belief as to the accuracy of the reports or statistics referenced therein, and denies any causal connection between Steri-Tech's operations and the cancer incidence rates alleged. Steri-Tech further states that this paragraph appears to characterize a news article, the content of which is public. Steri-Tech denies any characterizations by Plaintiffs inconsistent with that article, which, in any event, is hearsay.

## CLASS ACTION ALLEGATIONS

96.     Steri-Tech asserts that no class has been certified in this action and therefore the allegations in paragraph ninety-six (96) of the Amended Complaint do not warrant a response. To the extent that a response is deemed necessary, Steri-Tech denies the allegations in paragraph ninety-six (96) and denies that the requirements of Fed. R. Civ. P. 23 can be satisfied in this action.

97.     Steri-Tech asserts that no class has been certified in this action and therefore the allegations in paragraph ninety-seven (97) of the Amended Complaint do not warrant a response.

To the extent that a response is deemed necessary, Steri-Tech denies the allegations in paragraph ninety-seven (97) and denies that the requirements of Fed. R. Civ. P. 23 can be satisfied in this action.

98.     Steri-Tech asserts that no class has been certified in this action and therefore the allegations in paragraph ninety-eight (98) of the Amended Complaint and subsections (a), (b), (c), (d), (e), (f), do not warrant a response. To the extent that a response is deemed necessary, Steri-Tech denies the allegations in this paragraph and denies that the requirements of Fed. R. Civ. P. 23 can be satisfied in this action.

99.     Steri-Tech asserts that no class has been certified in this action and therefore the allegations in paragraph ninety-nine (99) of the Amended Complaint do not warrant a response from Steri-Tech. To the extent that a response is deemed necessary, Steri-Tech denies the allegations in this paragraph and denies that the requirements of Fed. R. Civ. P. 23 can be satisfied in this action.

100.     Steri-Tech asserts that no class has been certified in this action and therefore, the allegations in paragraph one hundred (100) of the Amended Complaint do not warrant a response. To the extent that a response is deemed necessary, Steri-Tech denies the allegations in this paragraph and denies that the requirements of Fed. R. Civ. P. 23 can be satisfied in this action.

101.     Steri-Tech asserts that no class has been certified in this action and therefore the allegations in paragraph one hundred and one (101) of the Amended Complaint do not warrant a response from Steri-Tech. To the extent that a response is deemed necessary, Steri-Tech denies the allegations in this paragraph and denies that the requirements of Fed. R. Civ. P. 23 can be satisfied in this action.

102.    Steri-Tech asserts that no class has been certified in this action and therefore the allegations in paragraph one hundred and two (102) of the Amended Complaint do not warrant a response from Steri-Tech. To the extent that a response is deemed necessary, Steri-Tech denies the allegations in this paragraph and denies that the requirements of Fed. R. Civ. P. 23 can be satisfied in this action.

**COUNT I**
**Negligence**

103.    Steri-Tech incorporates by reference its responses, denials, and allegations to all of the paragraphs set forth above as it fully set forth herein.

104.    The allegations in paragraph one hundred and four (104) of the Amended Complaint are denied. It is affirmatively alleged that Steri-Tech has acted prudently and diligently and/or pursuant to applicable law, regulations or the instructions of any corresponding institution.

105.    The allegations in paragraph one hundred and five (105) of the Amended Complaint are denied. It is affirmatively alleged that Steri-Tech has acted prudently and diligently and/or pursuant to applicable law, regulations or the instructions of any corresponding institution.

(a)    The allegations in subsection (a) of the Amended Complaint are denied.

(b)    The allegations in subsection (b) of the Amended Complaint are denied.

(f)    The allegations in the nonsequential subsection (f) of the Amended Complaint are denied.

(g)    The allegations in the nonsequential subsection (g) of the Amended Complaint are denied.

(h)    The allegations in the nonsequential subsection (h) of the Amended Complaint are denied.

(i)     The allegations in the nonsequential subsection (i) of the Amended Complaint are denied.

(j)     The allegations in the nonsequential subsection (j) of the Amended Complaint are denied.

106.    The allegations in paragraph one hundred and six (106) of the Amended Complaint are denied. It is affirmatively alleged that Steri-Tech did not act, or failed to act, in any way that could be considered the proximate or efficient cause of Plaintiffs' alleged damages. It is further alleged that there is no casual relation between any of Steri-Tech's actions and the alleged damages that Plaintiffs claim to have suffered.

107.    The allegations in paragraph one hundred and seven (107) of the Amended Complaint are denied. Steri-Tech further alleges that the allegations in this paragraph are speculative, unsubstantiated and unrecoverable under applicable law. It is further alleged that that there is no casual relation between any of Steri-Tech's actions and the alleged damages that Plaintiffs claim to have suffered.

108.    The allegations in paragraph one hundred and eight (108) of the Amended Complaint are not directed at Steri-Tech and therefore do not warrant a response. To the extent that a response is deemed necessary, Steri-Tech only admits that with regards to certain forms of cancer, procedures exist for detection and monitoring of disease processes and progression. However, given the wide breadth of allegations and lack of specificity in the Amended Complaint, the remaining allegations in this paragraph are denied.

109.    The allegations in paragraph one hundred and nine (109) of the Amended Complaint are not directed at Steri-Tech and therefore do not warrant a response. To the extent that a response is deemed necessary, Steri-Tech denies the allegations therein.

110.     The allegations in paragraph one hundred and ten (110) of the Amended Complaint are not directed at Steri-Tech and therefore do not warrant a response. To the extent that a response is deemed necessary, Steri-Tech denies the allegations therein.

111.     The allegations in paragraph one hundred and eleven (111) of the Amended Complaint are not directed at Steri-Tech and therefore do not warrant a response. To the extent a response is deemed necessary, Steri-Tech denies the allegations in this paragraph on this basis, including any assertion that Plaintiffs or any putative class members are entitled to medical monitoring, diagnostic testing, or any related damages.

**COUNT II**
**Gross Negligence: Willful and Wanton Misconduct**

112.     Steri-Tech incorporates by reference its responses, denials, and allegations to all of the paragraphs set forth above as it fully set forth herein.

113.     The allegations in paragraph one hundred and thirteen (113) of the Amended Complaint have been dismissed pursuant to the Opinion and Order (**ECF 123**), and therefore no response is required. To the extent a response is deemed necessary, Steri-Tech denies the allegations therein.

114.     The allegations in paragraph one hundred and fourteen (114) of the Amended Complaint have been dismissed pursuant to the Opinion and Order (**ECF 123**), and therefore no response is required. To the extent a response is deemed necessary, Steri-Tech denies the allegations therein.

115.     The allegations in paragraph one hundred and fifteen (115) of the Amended Complaint have been dismissed pursuant to the Opinion and Order (**ECF 123**) and therefore no response is required. To the extent a response is deemed necessary, Steri-Tech denies the allegations therein.

116.    The allegations in paragraph one hundred and sixteen (116) of the Amended Complaint have been dismissed pursuant to the Opinion and Order (**ECF 123**), and therefore no response is required. To the extent a response is deemed necessary, Steri-Tech denies the allegations therein.

117.    The allegations in paragraph one hundred and seventeen (117) of the Amended Complaint have been dismissed pursuant to the Opinion and Order (**ECF 123**), and therefore no response is required. To the extent a response is deemed necessary, Steri-Tech denies the allegations therein.

118.    The allegations in paragraph one hundred and eighteen (118) of the Amended Complaint have been dismissed pursuant to the Opinion and Order (**ECF 123**), and therefore no response is required. To the extent a response is deemed necessary, Steri-Tech denies the allegations therein.

119.    The allegations in paragraph one hundred and nineteen (119) of the Amended Complaint have been dismissed pursuant to the Opinion and Order (**ECF 123**), and therefore no response is required. To the extent a response is deemed necessary, Steri-Tech denies the allegations therein.

120.    The allegations in paragraph one hundred and twenty (120) of the Amended Complaint have been dismissed pursuant to the Opinion and Order (**ECF 123**), and therefore no response is required. To the extent a response is deemed necessary, Steri-Tech denies the allegations therein.

121.    The allegations in paragraph one hundred and twenty-one (121) of the Amended Complaint have been dismissed pursuant to the Opinion and Order (**ECF 123**), and therefore no

response is required. To the extent a response is deemed necessary, Steri-Tech denies the allegations therein.

122.     The allegations in paragraph one hundred and twenty-two (122) of the Amended Complaint have been dismissed pursuant to the Opinion and Order (**ECF 123**), and therefore no response is required. To the extent a response is deemed necessary, Steri-Tech denies the allegations therein.

123.     The allegations in paragraph one hundred and twenty-three (123) of the Amended Complaint have been dismissed pursuant to the Opinion and Order (**ECF 123**), and therefore no response is required. To the extent a response is deemed necessary, Steri-Tech denies the allegations therein.

## COUNT III
## Public Nuisance pursuant to 32 L.P.R.A. §2761

124.     Steri-Tech incorporates by reference its responses, denials, and allegations to all of the paragraphs set forth above as it fully set forth herein.

125.     The allegations in paragraph one hundred and twenty-five (125) of the Amended Complaint are conclusions of law and do not warrant a response from Steri-Tech. To the extent a response is required, Steri-Tech states that 32 L.P.R.A. §2761 speaks for itself and denies any characterization inconsistent with its text.

126.     The allegations in paragraph one hundred and twenty-six (126) of the Amended Complaint are denied. It is affirmatively alleged that Steri-Tech has acted prudently and diligently and/or pursuant to applicable law, regulations or the instructions of any corresponding institution.

127.     The allegations in paragraph one hundred and twenty-seven (127) of the Amended Complaint are denied. It is affirmatively alleged that Steri-Tech has acted prudently and diligently and/or pursuant to applicable law, regulations or the instructions of any corresponding institution.

128. The allegations in paragraph one hundred and twenty-eight (128) of the Amended Complaint are denied. It is further alleged that there is no casual relation between any of Steri-Tech's actions and the alleged damages that Plaintiffs claim to have suffered.

129. The allegations in paragraph one hundred and twenty-nine (129) of the Amended Complaint are denied. It is affirmatively alleged that Steri-Tech has acted prudently and diligently and/or pursuant to applicable law, regulations or the instructions of any corresponding institution.

130. The allegations in paragraph one hundred and thirty (130) of the Amended Complaint are denied. It is further alleged that Plaintiffs' claims are speculative and unrecoverable under the applicable doctrines for damages and recovery of Puerto Rico law.

## COUNT IV
### Strict Liability- Design Defect
### 31 L.P.R.A. § 10807

131. Steri-Tech incorporates by reference its responses, denials, and allegations to all of the paragraphs set forth above as it fully set forth herein.

132. The allegations in paragraph one hundred and thirty-two (132) of the Amended Complaint have been dismissed pursuant to the Opinion and Order (**ECF 123**), and therefore no response is required. To the extent a response is deemed necessary, Steri-Tech denies the allegations therein.

133. The allegations in paragraph one hundred and thirty-three (133) of the Amended Complaint have been dismissed pursuant to the Opinion and Order (**ECF 123**), and therefore no response is required. To the extent a response is deemed necessary, Steri-Tech denies the allegations therein.

134. The allegations in paragraph one hundred and thirty-four (134) of the Amended Complaint have been dismissed pursuant to the Opinion and Order (**ECF 123**), and therefore no

response is required. To the extent a response is deemed necessary, Steri-Tech denies the allegations therein.

135. The allegations in paragraph one hundred and thirty-five (135) of the Amended Complaint have been dismissed pursuant to the Opinion and Order (**ECF 123**), and therefore no response is required. To the extent a response is deemed necessary, Steri-Tech denies the allegations therein.

136. The allegations in paragraph one hundred and thirty-six (136) of the Amended Complaint have been dismissed pursuant to the Opinion and Order (**ECF 123**), and therefore no response is required. To the extent a response is deemed necessary, Steri-Tech denies the allegations therein.

137. The allegations in paragraph one hundred and thirty-seven (137) of the Amended Complaint have been dismissed pursuant to the Opinion and Order (**ECF 123**), and therefore no response is required. To the extent a response is deemed necessary, Steri-Tech denies the allegations therein.

138. The allegations in paragraph one hundred and thirty-eight (138) of the Amended Complaint have been dismissed pursuant to the Opinion and Order (**ECF 123**), and therefore no response is required. To the extent a response is deemed necessary, Steri-Tech denies the allegations therein.

139. The allegations in paragraph one hundred and thirty-nine (139) of the Amended Complaint have been dismissed pursuant to the Opinion and Order (**ECF 123**), and therefore no response is required. To the extent a response is deemed necessary, Steri-Tech denies the allegations therein.

140. The allegations in paragraph one hundred and forty (140) of the Amended Complaint have been dismissed pursuant to the Opinion and Order (**ECF 123**), and therefore no response is required. To the extent a response is deemed necessary, Steri-Tech denies the allegations therein.

141. The allegations in paragraph one hundred and forty-one (141) of the Amended Complaint have been dismissed pursuant to the Opinion and Order (**ECF 123**), and therefore no response is required. To the extent a response is deemed necessary, Steri-Tech denies the allegations therein.

142. The allegations in paragraph one hundred and forty-two (142) of the Amended Complaint have been dismissed pursuant to the Opinion and Order (**ECF 123**), and therefore no response is required. To the extent a response is deemed necessary, Steri-Tech denies the allegations therein.

143. The allegations in paragraph one hundred and forty-three (143) of the Amended Complaint have been dismissed pursuant to the Opinion and Order (**ECF 123**), and therefore no response is required. To the extent a response is deemed necessary, Steri-Tech denies the allegations therein.

**COUNT V**
**Strict Liability- Design Defect**
**31 L.P.R.A. §5141**

144. Steri-Tech incorporates by reference its responses, denials, and allegations to all of the paragraphs set forth above as it fully set forth herein.

145. The allegations in paragraph one hundred and forty-five (145) of the Amended Complaint have been dismissed pursuant to the Opinion and Order (**ECF 123**), and therefore no

response is required. To the extent a response is deemed necessary, Steri-Tech denies the allegations therein.

146.    The allegations in paragraph one hundred and forty-six (146) of the Amended Complaint have been dismissed pursuant to the Opinion and Order (**ECF 123**), and therefore no response is required. To the extent a response is deemed necessary, Steri-Tech denies the allegations therein.

147.    The allegations in paragraph one hundred and forty-seven (147) of the Amended Complaint have been dismissed pursuant to the Opinion and Order (**ECF 123**), and therefore no response is required. To the extent a response is deemed necessary, Steri-Tech denies the allegations therein.

148.    The allegations in paragraph one hundred and forty-eight (148) of the Amended Complaint have been dismissed pursuant to the Opinion and Order (**ECF 123**), and therefore no response is required. To the extent a response is deemed necessary, Steri-Tech denies the allegations therein.

149.    The allegations in paragraph one hundred and forty-nine (149) of the Amended Complaint have been dismissed pursuant to the Opinion and Order (**ECF 123**), and therefore no response is required. To the extent a response is deemed necessary, Steri-Tech denies the allegations therein.

150.    The allegations in paragraph one hundred and fifty (150) of the Amended Complaint have been dismissed pursuant to the Opinion and Order (**ECF 123**), and therefore no response is required. To the extent a response is deemed necessary, Steri-Tech denies the allegations therein.

151. The allegations in paragraph one hundred and fifty-one (151) of the Amended Complaint have been dismissed pursuant to the Opinion and Order (**ECF 123**), and therefore no response is required. To the extent a response is deemed necessary, Steri-Tech denies the allegations therein.

152. The allegations in paragraph one hundred and fifty-two (152) of the Complaint have been dismissed pursuant to the Opinion and Order (**ECF 123**), and therefore no response is required. To the extent a response is deemed necessary, Steri-Tech denies the allegations therein.

153. The allegations in paragraph one hundred and fifty-three (153) of the Amended Complaint have been dismissed pursuant to the Opinion and Order (**ECF 123**), and therefore no response is required. To the extent a response is deemed necessary, Steri-Tech denies the allegations therein.

154. The allegations in paragraph one hundred and fifty-four (154) of the Amended Complaint have been dismissed pursuant to the Opinion and Order (**ECF 123**), and therefore no response is required. To the extent a response is deemed necessary, Steri-Tech denies the allegations therein.

155. The allegations in paragraph one hundred and fifty-five (155) of the Amended Complaint have been dismissed pursuant to the Opinion and Order (**ECF 123**), and therefore no response is required. To the extent a response is deemed necessary, Steri-Tech denies the allegations therein.

156. The allegations in paragraph one hundred and fifty-six (156) of the Amended Complaint have been dismissed pursuant to the Opinion and Order (**ECF 123**), and therefore no response is required. To the extent a response is deemed necessary, Steri-Tech denies the allegations therein.

**COUNT VI**
**Strict Liability- Failure to Warn and Instruct**
**31 L.P.R.A. § 10806**

157.     Steri-Tech incorporates by reference its responses, denials, and allegations to all of the paragraphs set forth above as it fully set forth herein.

158.     The allegations in paragraph one hundred and fifty-eight (158) of the Amended Complaint have been dismissed pursuant to the Opinion and Order (**ECF 123**), and therefore no response is required. To the extent a response is deemed necessary, Steri-Tech denies the allegations therein.

159.     The allegations in paragraph one hundred and fifty-nine (159) of the Amended Complaint have been dismissed pursuant to the Opinion and Order (**ECF 123**), and therefore no response is required. To the extent a response is deemed necessary, Steri-Tech denies the allegations therein.

160.     The allegations in paragraph one hundred and sixty (160) of the Amended Complaint have been dismissed pursuant to the Opinion and Order (**ECF 123**), and therefore no response is required. To the extent a response is deemed necessary, Steri-Tech denies the allegations therein.

161.     The allegations in paragraph one hundred and sixty-one (161) of the Amended Complaint have been dismissed pursuant to the Opinion and Order (**ECF 123**), and therefore no response is required. To the extent a response is deemed necessary, Steri-Tech denies the allegations therein.

162.     The allegations in paragraph one hundred and sixty-two (162) of the Amended Complaint have been dismissed pursuant to the Opinion and Order (**ECF 123**), and therefore no

response is required. To the extent a response is deemed necessary, Steri-Tech denies the allegations therein.

163.    The allegations in paragraph one hundred and sixty-three (163) of the Amended Complaint have been dismissed pursuant to the Opinion and Order (**ECF 123**), and therefore no response is required. To the extent a response is deemed necessary, Steri-Tech denies the allegations therein.

164.    The allegations in paragraph one hundred and sixty-four (164) of the Amended Complaint have been dismissed pursuant to the Opinion and Order (**ECF 123**), and therefore no response is required. To the extent a response is deemed necessary, Steri-Tech denies the allegations therein.

165.    The allegations in paragraph one hundred and sixty-five (165) of the Amended Complaint have been dismissed pursuant to the Opinion and Order (**ECF 123**), and therefore no response is required. To the extent a response is deemed necessary, Steri-Tech denies the allegations therein.

**COUNT VII**
**Strict Liability- Failure to Warn and Instruct**
**31 L.P.R.A. §5141**

166.    Steri-Tech incorporates by reference its responses, denials, and allegations to all of the paragraphs set forth above as it fully set forth herein.

167.    The allegations in paragraph one hundred and sixty-seven (167) of the Amended Complaint have been dismissed pursuant to the Opinion and Order (**ECF 123**), and therefore no response is required. To the extent a response is deemed necessary, Steri-Tech denies the allegations therein.

168.     The allegations in paragraph one hundred and sixty-eight (168) of the Amended Complaint have been dismissed pursuant to the Opinion and Order (**ECF 123**), and therefore no response is required. To the extent a response is deemed necessary, Steri-Tech denies the allegations therein.

169.     The allegations in paragraph one hundred and sixty-nine (169) of the Amended Complaint have been dismissed pursuant to the Opinion and Order (**ECF 123**), and therefore no response is required. To the extent a response is deemed necessary, Steri-Tech denies the allegations therein.

170.     The allegations in paragraph one hundred and seventy (170) of the Amended Complaint have been dismissed pursuant to the Opinion and Order (**ECF 123**), and therefore no response is required. To the extent a response is deemed necessary, Steri-Tech denies the allegations therein.

171.     The allegations in paragraph one hundred and seventy-one (171) of the Amended Complaint have been dismissed pursuant to the Opinion and Order (**ECF 123**), and therefore no response is required. To the extent a response is deemed necessary, Steri-Tech denies the allegations therein.

172.     The allegations in paragraph one hundred and seventy-two (172) of the Amended Complaint have been dismissed pursuant to the Opinion and Order (**ECF 123**), and therefore no response is required. To the extent a response is deemed necessary, Steri-Tech denies the allegations therein.

173.     The allegations in paragraph one hundred and seventy-three (173) of the Amended Complaint have been dismissed pursuant to the Opinion and Order (**ECF 123**), and therefore no

response is required. To the extent a response is deemed necessary, Steri-Tech denies the allegations therein.

174. The allegations in paragraph one hundred and seventy-four (174) of the Amended Complaint have been dismissed pursuant to the Opinion and Order (**ECF 123**), and therefore no response is required. To the extent a response is deemed necessary, Steri-Tech denies the allegations therein.

175. The allegations in paragraph one hundred and seventy-five (175) of the Amended Complaint have been dismissed pursuant to the Opinion and Order (**ECF 123**), and therefore no response is required. To the extent a response is deemed necessary, Steri-Tech denies the allegations therein.

176. The allegations in paragraph one hundred and seventy-six (176) of the Amended Complaint have been dismissed pursuant to the Opinion and Order (**ECF 123**), and therefore no response is required. To the extent a response is deemed necessary, Steri-Tech denies the allegations therein.

177. The allegations in paragraph one hundred and seventy-seven (177) of the Amended Complaint have been dismissed pursuant to the Opinion and Order (**ECF 123**), and therefore no response is required. To the extent a response is deemed necessary, Steri-Tech denies the allegations therein.

## COUNT VIII
### Negligent Design Defect

178. Steri-Tech incorporates by reference its responses, denials, and allegations to all of the paragraphs set forth above as it fully set forth herein.

179. The allegations in paragraph one hundred and seventy-nine (179) of the Amended Complaint have been dismissed pursuant to the Opinion and Order (**ECF 123**), and therefore no

response is required. To the extent a response is deemed necessary, Steri-Tech denies the allegations therein.

180. The allegations in paragraph one hundred and eighty (180) of the Amended Complaint have been dismissed pursuant to the Opinion and Order (**ECF 123**), and therefore no response is required. To the extent a response is deemed necessary, Steri-Tech denies the allegations therein.

181. The allegations in paragraph one hundred and eighty-one (181) of the Amended Complaint have been dismissed pursuant to the Opinion and Order (**ECF 123**), and therefore no response is required. To the extent a response is deemed necessary, Steri-Tech denies the allegations therein.

182. The allegations in paragraph one hundred and eighty-two (182) of the Amended Complaint have been dismissed pursuant to the Opinion and Order (**ECF 123**), and therefore no response is required. To the extent a response is deemed necessary, Steri-Tech denies the allegations therein.

183. The allegations in paragraph one hundred and eighty-three (183) of the Amended Complaint have been dismissed pursuant to the Opinion and Order (**ECF 123**), and therefore no response is required. To the extent a response is deemed necessary, Steri-Tech denies the allegations therein.

184. The allegations in paragraph one hundred and eighty-four (184) of the Amended Complaint have been dismissed pursuant to the Opinion and Order (**ECF 123**), and therefore no response is required. To the extent a response is deemed necessary, Steri-Tech denies the allegations therein.

185.     The allegations in paragraph one hundred and eighty-five (185) of the Amended Complaint have been dismissed pursuant to the Opinion and Order (**ECF 123**), and therefore no response is required. To the extent a response is deemed necessary, Steri-Tech denies the allegations therein.

## COUNT IX
### Gross Negligent Design Defect

186.     Steri-Tech incorporates by reference its responses, denials, and allegations to all of the paragraphs set forth above as it fully set forth herein.

187.     The allegations in paragraph one hundred and eighty-seven (187) of the Amended Complaint have been dismissed pursuant to the Opinion and Order (**ECF 123**), and therefore no response is required. To the extent a response is deemed necessary, Steri-Tech denies the allegations therein.

188.     The allegations in paragraph one hundred and eighty-eight (188) of the Amended Complaint have been dismissed pursuant to the Opinion and Order (**ECF 123**), and therefore no response is required. To the extent a response is deemed necessary, Steri-Tech denies the allegations therein.

189.     The allegations in paragraph one hundred and eighty-nine (189) of the Amended Complaint have been dismissed pursuant to the Opinion and Order (**ECF 123**), and therefore no response is required. To the extent a response is deemed necessary, Steri-Tech denies the allegations therein.

190.     The allegations in paragraph one hundred and ninety (190) of the Amended Complaint have been dismissed pursuant to the Opinion and Order (**ECF 123**), and therefore no response is required. To the extent a response is deemed necessary, Steri-Tech denies the allegations therein.

## COUNT X
## Private Nuisance pursuant to 31 L.P.R.A. § 2761

191.     Steri-Tech incorporates by reference its responses, denials, and allegations to all of the paragraphs set forth above as it fully set forth herein.

192.     The allegations in paragraph one hundred and ninety-two (192) of the Amended Complaint are conclusions of law and do not warrant a response from Steri-Tech. To the extent a response is required, Steri-Tech states that 32 L.P.R.A. § 2761 speaks for itself and denies any characterization inconsistent with its text.

193.     The allegations in paragraph one hundred and ninety-three (193) of the Amended Complaint are denied. It is affirmatively alleged that Steri-Tech did not act, or failed to act, in any way that could be considered the proximate or efficient cause of Plaintiffs' alleged damages. It is further alleged that there is no casual relation between any of Steri-Tech's actions and the alleged damages that Plaintiffs claim to have suffered.

194.     The allegations in paragraph one hundred and ninety-four (194) of the Amended Complaint are denied. It is affirmatively alleged that Steri-Tech has acted prudently and diligently and/or pursuant to applicable law, regulations or the instructions of any corresponding institution.

195.     The allegations in paragraph one hundred and ninety-five (195) of the Amended Complaint are denied. It is further alleged that Plaintiffs' claims are speculative and unrecoverable under the applicable doctrines for damages and recovery of Puerto Rico law.

## COUNT XI
## Restitution- Unjust Enrichment

196.     Steri-Tech incorporates by reference its responses, denials, and allegations to all of the paragraphs set forth above as it fully set forth herein.

197. The allegations in paragraph one hundred and ninety-seven (197) of the Amended Complaint have been dismissed pursuant to the Opinion and Order (**ECF 123**), and therefore no response is required. To the extent a response is deemed necessary, Steri-Tech denies the allegations therein.

198. The allegations in paragraph one hundred and ninety-eight (198) of the Amended Complaint have been dismissed pursuant to the Opinion and Order (**ECF 123**), and therefore no response is required. To the extent a response is deemed necessary, Steri-Tech denies the allegations therein.

199. The allegations in paragraph one hundred and ninety-nine (199) of the Amended Complaint have been dismissed pursuant to the Opinion and Order (**ECF 123**), and therefore no response is required. To the extent a response is deemed necessary, Steri-Tech denies the allegations therein.

The headings, subtitles, footnotes, prayer relief and any other allegation or statement not hereby admitted is expressly denied.

Steri-Tech demands trial by jury on all matters and issues so triable.

## AFFIRMATIVE DEFENSES

1. All denials and affirmative allegations set forth by Steri-Tech in the preceding answers to the Amended Complaint are incorporated by reference as fully set forth herein as Affirmative Defenses.

2. The Amended Complaint fails to state a claim upon which relief can be granted.

3. Plaintiffs' claims are barred as a result of failure to plead with particularity, including that the Amended Complaint is insufficiently pleaded under Ashcroft v. Iqbal, 556 U.S. 662 (2009), and Bell Atlantic v. Twombly, 550 U.S. 544 (2007).

4.     As to the facts alleged in the Amended Complaint, Steri-Tech has always acted within the established framework of its authority and duties, including any and all applicable legal duties of care.

5.     Steri-Tech has acted prudently and diligently and/or pursuant to applicable law, regulations or the instructions of any corresponding institution.

6.     Steri-Tech exercised due care and diligence in all of the matters alleged in the Amended Complaint.

7.     At all times, Steri-Tech's acts or omissions were privileged, justified, fair and undertaken in the good faith exercise of a valid business purpose.

8.     Plaintiffs' claims are barred, in whole or in part, because Steri-Tech's sterilization activities complied with all applicable statutes, government regulations, and recognized prevailing industry standards, as well as with federal and state standards and regulations governing such emissions, including but not limited to the regulations of the EPA and applicable state environmental agencies. Any emissions from government-approved sterilization processes, including, but not limited to, the EPA and/or other applicable state agencies, are not properly the subject of claims by private parties attempting to contest the legitimacy or safety of such processes, protocols, and/or specifications.

9.     There is no casual relation between any of Steri-Tech's actions and the alleged damages that Plaintiffs claim to have suffered.

10.    Plaintiffs' claims against Steri-Tech are time barred for not having been filed within the applicable period of limitations.

11.    Plaintiffs lack standing and, therefore, all causes of action set forth, or attempted to be set forth in the Amended Complaint must be dismissed.

12.     Plaintiffs are barred from alleging the matters in the Amended Complaint under the doctrine of laches, or have inexcusably and unreasonably delayed the commencement of the action to the prejudice of Steri-Tech.

13.     Plaintiffs' claims are barred by the doctrine of assumption of risk.

14.     Plaintiffs' claims are barred, in whole or in part, by the doctrines of accord and satisfaction, collateral source, good faith, economic loss, consent, *res judicata*, assumption of risk, payment and release, waiver, avoidable consequences, collateral estoppel, judicial estoppel, equitable estoppel, set-off, learned intermediary, unclean hands, laches and/or statutory and regulatory compliance.

15.     Plaintiffs have failed to join indispensable parties needed to provide just adjudication of this matter and complete relief.

16.     Steri-Tech denies that questions of law or fact common to the potential class members predominate over any questions affecting only individual potential class members.

17.     Steri-Tech denies that certification and/or maintenance of a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

18.     Steri-Tech denies that the prosecution of separate actions would create a risk of inconsistent or varying adjudications with respect to individual plaintiffs insofar as the claims and alleged damages are particular to each plaintiff or potential class member.

19.     Steri-Tech denies that Plaintiffs and/or potential class members have suffered a cognizable injury sufficient to maintain any cause of action set forth in the Amended Complaint.

20.     Steri-Tech denies that the claims of the named Plaintiffs are typical of the claims of the potential class.

21.     Steri-Tech denies that the named Plaintiffs will fairly and adequately protect the interests of the potential class.

22.     Steri-Tech denies that the Plaintiffs are entitled to injunctive or equitable relief of any kind and asserts all defenses to such equitable relief allowed by law.

23.     Steri-Tech owed no statutory or common law duty to Plaintiffs and could not reasonably foresee the risk of damages or injuries alleged in the Amended Complaint.

24.     If found liable, Steri-Tech is entitled to contribution and/or indemnity from other tortfeasors based on comparative fault or vicarious liability.

25.     Plaintiffs cannot prove an alleged continued pattern of unlawful, toxic emissions and their harm, so the continuing tort doctrine does not apply to suspend the commencement of prescription as to Plaintiffs' claims.

26.     Plaintiffs' claims are barred, in whole or in part, because the social utility and benefit of the sterilization of medical products outweigh any risk of danger and/or harm, if any.

27.     The utility of Steri-Tech's operations of sterilizing medical products, essential to the healthcare systems and patients, and its regulatory compliance defeat the "unreasonableness" element for a nuisance claim.

28.     To the extent any putative class action plaintiff lacks a proprietary or possessory interest in the alleged affected property at all relevant times in this case, private nuisance fails as a matter of law.

29.     Plaintiffs fail to specify the nature of their damages or provide detail sufficient to inform Steri-Tech of the nature of their claims.

30.     If Plaintiffs sustained any injuries or damages as a result of exposure to EtO, which Steri-Tech denies, then such injury or damage was caused by EtO from sources other than

emissions attributable to Steri-Tech's sterilization operations, including but not limited to, endogenously produced ethylene oxide.

31.    Plaintiffs' claims for punitive damages are barred because they cannot prove that Steri-Tech was intentional, reckless, malicious, or fraudulent, and Steri-Tech has neither acted nor failed to act in a manner that entitles Plaintiffs to recover punitive damages.

32.    As a matter of law, Plaintiffs are not entitled to a declaratory judgment, injunction, attorney's fees, costs, pre-judgment interest, or post-judgment interest for the claims asserted in the Amended Complaint.

33.    At all times material to Plaintiffs' claims, the state of medical and scientific knowledge did not provide Steri-Tech with either knowledge or reason to know of a foreseeable risk of harm to Plaintiffs stemming from Steri-Techs's sterilization operations.

34.    To the extent Plaintiffs allege that Steri-Tech failed to install appropriate pollution control facilities, such facilities were not practically, economically, or technically feasible at that time or were otherwise subject to a regulatory exception. To the extent such facilities were installed, they were used and diligently maintained in proper working order.

35.    Plaintiffs' claims may be preempted, in whole or in part, by federal and/or state statutes and/or regulations, including, but not limited to, the Federal Food, Drug, and Cosmetic Act, the Medical Device Amendments of 1976, and the Clean Air Act, and their implementing regulations, along with any state and federal air quality permits for regulated emissions.

36.    Steri-Tech affirmatively asserts that putative class action plaintiffs lack standing to maintain the claims asserted in the Amended Complaint.

37.     Plaintiffs cannot assert claims on behalf of the putative class defined in the Amended Complaint because the putative class does not satisfy the requirements of Fed. R. Civ. P. 23.

38.     Plaintiffs cannot assert claims on behalf of the putative class defined in the Amended Complaint because such class is not ascertainable.

39.     Plaintiffs cannot assert claims on behalf of putative class defined in the Amended Complaint because individualized issues predominate over issues common to the class.

40.     Steri-Tech did not act, or failed to act, in any way that could be considered the proximate or efficient cause of Plaintiffs' alleged damages.

41.     Steri-Tech did not act in concert with others to commit any alleged tort.

42.     Plaintiffs' claims are barred, in whole or in part, by contributory negligence, comparative fault, and lack of care of Plaintiffs and/or third parties.

43.     Puerto Rico law requires a present, actual injury.

44.     Puerto Rico law does not provide for the compensation of potential future injuries, only injuries actually suffered.

45.     Puerto Rico law does not recognize a freestanding medical-monitoring cause of action for asymptomatic Plaintiffs or speculative future risk.

46.     Claims predicted in future, hypothetical harms are not ripe and must be dismissed.

47.     Plaintiffs' claims are barred, in whole or in part, because they have not suffered any cognizable or compensable injuries or damages.

48.     Plaintiffs have not suffered any damages as a result of any act or omission of Steri-Tech.

49.     There is no causal relationship between Steri-Tech's acts or omissions and the injuries and damages alleged by Plaintiffs.

50.     To the extent Plaintiffs are entitled to any damages, which is denied, or to any recovery, which is also denied, the damages recoverable are limited in nature.

51.     Plaintiffs' damages, if any, were proximately caused or contributed to by reason of the negligence or wrongful acts of the Plaintiffs, or of other persons, corporations or entities who may or may not be parties to this litigation.

52.     Plaintiffs' damages, if any, were the result of a superseding or intervening event that was unrelated to any alleged act or omission of Steri-Tech.

53.     Plaintiffs' damages, if any, were proximately caused in whole or in part by the acts or omissions of third persons over which Steri-Tech exercised no dominion or control and the recovery of Plaintiff, if any, must therefore be reduced by the percentage fault chargeable to such third person.

54.     Any damages to Plaintiffs, which damages Steri-Tech denies, were caused by a supervening or intervening cause.

55.     The injuries and damages allegedly sustained by Plaintiffs may have been caused, in whole or in part, by pre-existing or subsequent physical, medical, and/or physiological conditions, and/or unrelated medical or environmental conditions, diseases, or illnesses in their entirety, for which Steri-Tech has no legal responsibility.

56.     Plaintiffs assumed the risk or failed to take ordinary precautions to avoid the damages alleged in the Amended Complaint.

57.     Plaintiffs' alleged damages, if any, are unreasonable, excessive, exaggerated, speculative, arbitrary, remote, and/or are not allowed, in whole or in part, under the applicable doctrines for damages and recovery of Puerto Rico law.

58.     Plaintiffs' damages, if any, were caused by conditions or occurrences beyond the control of Steri-Tech and, therefore, Plaintiffs are precluded from recovery for alleged damages.

59.     Plaintiffs failed to mitigate any damages that they may have sustained and to exercise reasonable care to avoid the consequences of harms, if any, in that, among other things, Plaintiffs have failed to use reasonable diligence in caring for any injuries, failed to use reasonable means to prevent any aggravation of any injuries, and failed to take reasonable precautions to reduce any injury and damage.

60.     Plaintiffs have failed to adequately plead or allege special damages and therefore, are not entitled to their recovery.

61.     Any award of damages to Plaintiffs must be reduced by the amount any of the Plaintiffs received from collateral sources, including but not limited to, insurance, Social Security, Medicare, worker's compensation, employment benefit programs, that the Court finds was, or will be with reasonable certainty, replaced or indemnified.

62.     Plaintiffs lack credible and/or admissible evidence to establish liability against Steri-Tech as alleged in the Amended Complaint.

63.     Plaintiffs lack credible and/or admissible evidence to establish their damages as alleged in the Amended Complaint.

64.     Plaintiffs lack credible and/or admissible evidence to establish causation or nexus against Steri-Tech as alleged in the Amended Complaint.

65.     To the extent that Plaintiffs' claims are based on a theory providing for liability without proof of causation, the claims violate Steri-Tech's rights under the United States Constitution and analogous provisions of Puerto Rico's substantive law.

66.     Plaintiffs have failed to preserve evidence and as a result of such spoliation, Steri-Tech has been prejudiced and Plaintiffs' claims should be barred.

67.     Under Puerto Rico law, claims for medical expenses belong exclusively to the legal conjugal partnership. See, Fraguada Rodríguez v. Plaza Las Américas, 349 F. Supp. 2d 229, 232-233 (D.P.R. 2004) (holding that the real party in interest to claims for medical expenses was the conjugal partnership). To the extent that any of the putative class action plaintiffs are or were married at all times relevant to this case, none of their legal conjugal partnerships were included as co-plaintiff in the original Complaint or the Amended Complaint. As a result, the original Complaint and the Amended Complaint did not have the legal effect of interrupting the statute of limitations for claims by any legal conjugal partnership applicable to this case for medical expenses. Since no legal conjugal partnership tolled the limitations period and none are part of this case, any and all claims for medical expenses are time-barred and must be dismissed. See, Kery v. American Airlines, Inc., 931 F. Supp. 947 (D.P.R. 1995).

68.     If any other parties are negligent, legally responsible or otherwise at fault for the damages alleged in the Amended Complaint, and if there is a finding of any liability in favor of Plaintiffs or settlement or judgment against Steri-Tech, Steri-Tech requests that the Court or Jury make an apportionment of fault among all parties. Steri-Tech further requests a judgment and declaration of partial indemnification and contribution against all other parties or persons in accordance with the apportionment of fault under all applicable laws.

69. The Amended Complaint fails to state a claim for punitive damages on which relief can be granted, and the imposition of punitive damages against Steri-Tech would violate its constitutional rights under the following provisions of the United States Constitution and comparable provisions of federal law and Puerto Rican law that may be applicable: the Due Process Clauses in the 5th and 14th Amendments, the Double Jeopardy Clause in the 5th Amendment and the Commerce Clause.

70. Plaintiffs are obstinate for failing to carry out an investigation of the facts and the law applicable to their alleged claims. The *Amended Complaint* is frivolous and should be dismissed. The Court should grant all defense costs, expenses, and reasonable attorney's fees to Steri-Tech.

71. Steri-Tech reserves the right to modify, clarify, amend, or supplement these separate affirmative defenses and/or raise any other affirmative defense applicable to the case that may arise during discovery in this case or otherwise.

72. Steri-Tech reserves the right to assert at the time of trial any and all affirmative defenses revealed through discovery or otherwise.

**WHEREFORE**, co-defendant Steri-Tech respectfully requests that this Honorable Court deny the *Amended Complaint* (**ECF 74**) and, consequently, enter judgment for Steri-Tech and against the putative class action plaintiffs, dismissing the *Amended Complaint* with prejudice, awarding Steri-Tech costs and attorney's fees, and that the Court grant Steri-Tech such other and further relief it deems just and proper.

**CERTIFICATE OF SERVICE:** We hereby certify that on this same date the foregoing responsive pleading was filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys and participants of record.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 20th day of November, 2025.

*Counsel for co-defendant Steri-Tech, Inc.*:

# Ferraiuoli LLC

P.O. Box 195168
San Juan, PR 00919-5168
Tel.: 787.766.7000
Fax: 787.766.7001

*s/ Roberto A. Cámara-Fuertes*
**Roberto A. Cámara-Fuertes**
USDC-PR No. 219002
Email: rcamara@ferraiuoli.com

*s/ Jaime A. Torrens-Dávila*
**Jaime A. Torrens-Dávila**
USDC-PR 223810
Email: jtorrens@ferraiuoli.com

*s/ Pedro I. Torres-Crespí*
**Pedro I. Torres-Crespí**
USDC-PR No. 309111
Email: ptorres@ferraiuoli.com