**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| JEANETTE PEREZ MACEIRA, *et al.*,<br><br>　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>CUSTOMED, INC., *et al.*,<br><br>　　　　　　　　Defendants. | Case No. 3:23-cv-01445-CVR |

**PLAINTIFFS' OPPOSITION TO MOVING DEFENDANTS' MOTION TO STAY
DISCOVERY PENDING RESOLUTION OF MOTION TO STRIKE CLASS
ALLEGATIONS AND MOTION TO SEVER**

**TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................................1

LEGAL STANDARD ............................................................................................................2

ARGUMENT .........................................................................................................................3

    1.   A SECOND STAY OF DISCOVERY IS NOT WARRANTED UNDER RULE 26(C)…3

        A.  Defendants Have Not Shown Good Cause to Reimpose a Stay of Discovery …....3

        B.  Further Delay Would Unduly Prejudice Plaintiffs ……………………………..6

        C.  Defendants' Asserted Burdens Do Not Justify a Second Stay ……………………6

        D.  Judicial Economy and Case Management Weigh Against a Second Stay ………...8

        E.  The Public Interest Favors Moving the Case Forward …………………………….8

CONCLUSION .......................................................................................................................9

CERTIFICATE OF SERVICE ..............................................................................................11

# **TABLE OF AUTHORITIES**

**Cases**

| | |
|---|---:|
| *Chandler v. Zinus, Inc.*, No. 20-CV-265-RJD, 2020 WL 12846610 (S.D. Ill. Sept. 10, 2020) | 5, 7 |
| *Dicenzo v. Massachusetts Dep't of Corr.*, No. 3:15-cv-30152-MGM, 2016 WL 158505 (D. Mass. Jan. 13, 2016) | 2, 3, 4 |
| *Evans v. Yum Brands, Inc.*, 326 F. Supp. 2d 214, 226 (D.N.H. 2004) | 2 |
| *Jones v. Fiorella Ins. Agency, Inc.*, No. 20-14105-CIV, 2020 WL 7485193 (S.D. Fla. Nov. 30, 2020) | 5 |
| *Landis v. North American Co.*, 299 U.S. 248, 254 (1936) | 2 |
| *Marquis v. F.D.I.C.*, 965 F.2d 1148, 1155 (1st Cir. 1992) | 3, 6, 8, 9 |
| *Rafael Rodríguez Barril, Inc. v. Conbraco Indus., Inc.*, 2008 WL 11495201 (D.P.R. Oct. 9, 2008) | 3, 7, 8 |
| *Steward Health Care Sys. LLC v. Southcoast Health Sys., Inc.*, No. CV 15-14188-MLW, 2016 WL 11004353 (D. Mass. June 15, 2016) | 4 |
| *Wilson v. McDonald's Corp.*, No. 14-11082, 2015 WL 13047572 (E.D. Mich. Apr. 28, 2015) | 4, 5 |

**Statutes and Rules**

| | |
|---|---:|
| Fed. R. Civ. P. 1 | 1, 3, 9 |
| Fed. R. Civ. P. 26(c) | 1, 2, 3, 9 |

**INTRODUCTION**

Defendants ask the Court to impose a second stay of discovery after having already received—and fully exhausted—the benefit of a year-long discovery halt while their motions to dismiss were adjudicated. That request is unsupported by Rule 26(c), inconsistent with this Court's prior Order expressly lifting the stay, and contrary to Rule 1's command of a speedy and just resolution of civil actions.

This action was filed on August 29, 2023. ECF No. 1. On October 2, 2024, Defendants jointly sought a stay of discovery pending resolution of their motions to dismiss, which the Court granted for purposes of judicial economy. ECF Nos. 100, 102. After more than a year without discovery, the Court issued its Opinion and Order resolving the motions to dismiss and expressly lifted the stay. ECF No. 123. Discovery was thus ordered to proceed. Instead, Defendants now seek to halt discovery again—this time based on additional motions of their own filing that do not dispose of Plaintiffs' claims, do not alter the factual nucleus of the case, and would not eliminate the need for the core merits discovery Plaintiffs seek.

Defendants' motion fails at the threshold. They do not demonstrate good cause for reimposing a stay under Rule 26(c). Their arguments rely on authorities involving materially different procedural postures, including cases in which discovery had already been completed as to individual claims, in which defendants agreed to toll limitations periods, or in which courts confronted extraordinary burdens associated with nationwide class discovery during the COVID-19 pandemic. None of those circumstances are present here. This case concerns facility-specific conduct tied to defined geographic locations, and discovery into Defendants' operations, emissions, and practices will be required regardless of how Defendants' pending motions are resolved.

1

Further delay would also prejudice Plaintiffs. Discovery has not yet begun, despite more than a year having passed, and the claims at issue involve historical conduct and long-term operational practices. Continued delay risks loss of evidence, fading institutional knowledge, and diminished access to witnesses, all harms that Rule 26 is designed to prevent, not exacerbate.

Finally, judicial economy and the public interest weigh decisively against a second stay. The Court has already exercised its discretion to pause discovery for the purpose of resolving threshold motions, and that purpose has been fulfilled. Allowing discovery to be stayed anew each time Defendants file additional motions would encourage serial motion practice as a litigation tactic and undermine effective case management.

For these reasons, and as set forth more fully below, Defendants' Motion to Stay Discovery should be denied.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 26(c), the Court may, "for good cause," issue an order to protect a party or person from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). A motion to stay discovery is treated as a request for protective relief and, therefore, requires the moving party to carry the burden of demonstrating good cause and reasonableness. *Dicenzo v. Mass. Dep't of Corr.*, No. 3:15-cv-30152-MGM, 2016 WL 158505, at *1 (D. Mass. Jan. 13, 2016) (stay "akin to a protective order under Fed. R. Civ. P. 26(c)(1)"); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In potential class actions, like in other kinds of litigation, "[c]ourts generally frown on motions to stay discovery and deny them in the absence of compelling reasons." *Evans v. Yum Brands, Inc.*, 326 F. Supp. 2d 214, 226 (D.N.H. July 14, 2004).

In this District, courts evaluate requests to stay discovery by balancing the competing interests at stake, including: (1) the plaintiffs' interest in proceeding expeditiously and the potential prejudice from delay; (2) the burden on defendants; (3) the convenience of the court; (4) the interests of non-parties; and (5) the public interest. *Rafael Rodríguez Barril, Inc. v. Conbraco Indus., Inc.*, 2008 WL 11495201, at *1 (D.P.R. Oct. 9, 2008). See also *Dicenzo*, 2016 WL 158505, at *1 (noting moving party bears burden of good cause and reasonableness).

Although the decision to stay discovery lies within the Court's discretion, that discretion is not unbounded. Stays "cannot be cavalierly dispensed"; they must be supported by good cause, reasonable in duration, and issued only after the Court weighs and balances the competing equities. *Marquis v. F.D.I.C.*, 965 F.2d 1148, 1155 (1st Cir. 1992). Finally, Rule 26 must be applied consistently with Rule 1, which instructs that the Federal Rules "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1.

## ARGUMENT

### 1. A SECOND STAY OF DISCOVERY IS NOT WARRANTED UNDER RULE 26(C)

**A. Defendants Have Not Shown Good Cause to Reimpose a Stay of Discovery**

Defendants' have not carried their burden of demonstrating good cause for a second stay of discovery. Defendants already received the precise relief they sought: a stay of discovery pending resolution of their motions to dismiss. That stay served its stated purpose, and the Court subsequently issued its Opinion and Order resolving the motions to dismiss and lifting the stay of discovery. ECF No. 123. Rather than justify the reasonableness of reimposing a stay after the Court expressly lifted it on its ruling on the Motions to Dismiss, Defendants largely recycle the arguments advanced in their Motion to Strike Class Allegations and Motion to Sever.

3

The few arguments Defendants do advance in support of their request for a stay fall into two general categories. First, Defendants contend that a stay of discovery is appropriate during the pendency of dispositive motions. Second, they argue that the filing of a motion to strike class allegations, by itself, justifies halting discovery. Neither contention supports the reimposition of a stay here.

The first argument fails at the threshold because Plaintiffs have already survived the motions to dismiss filed by Defendants. To begin, several of Defendants' cited cases involve stays entered pending motions to dismiss, not motions to strike class allegations after dispositive motions have already been resolved. For example, *Steward Health Care System LLC v. Southcoast Health System, Inc.*, No. CV 15-14188-MLW, 2016 WL 11004353 (D. Mass. June 15, 2016), and *Dicenzo*, 2016 WL 158505, at *1, both involved stays entered at the outset of litigation while Rule 12 motions were pending. Those cases stand only for the unremarkable proposition that discovery may be stayed to avoid unnecessary expense if claims may be dismissed at the pleading stage. Here, Defendants have already received that relief. The motions to dismiss have been adjudicated, and the Court expressly lifted the stay of discovery. Neither *Steward* nor *Dicenzo* supports reimposing a stay under these materially different circumstances.

The second argument fares no better. In support of the proposition that a motion to strike class allegations justifies a stay of discovery, Defendants rely on a small set of decisions from other districts that are readily distinguishable and do not conform to the procedural posture of this case.

First, Defendants' reliance on *Wilson v. McDonald's Corp.*, No. 14-11082, 2015 WL 13047572 (E.D. Mich. Apr. 28, 2015), is misplaced. The stay in *Wilson* rested on Defendants' express agreement to toll the statute of limitations and the magistrate judge's finding that the

4

pending motion to strike would be dispositive of all class claims. Defendants offer no tolling here, and even if their motions were granted, Plaintiffs' claims would continue, and core merits discovery would remain necessary. The circumstances that justified a stay in *Wilson* are therefore absent.

*Jones v. Fiorella Insurance Agency, Inc.*, No. 20-14105-CIV, 2020 WL 7485193 (S.D. Fla. Nov. 30, 2020), is even further afield. There, the court entered a stay only after defendants had already produced discovery on the named plaintiff's claims, and the sole remaining request involved an extraordinary, pandemic-era production of approximately 95,000 third-party call logs. Here, by contrast, Defendants seek to halt discovery before producing a single document, despite the fact that the same core merits discovery will be required regardless of the outcome of their motions.

Defendants' reliance on *Chandler v. Zinus, Inc.*, No. 20-CV-265-RJD, 2020 WL 12846610, at *1 (S.D. Ill. Sept. 10, 2020), is likewise unavailing. The stay in *Chandler* was justified by the extraordinary burden of nationwide class discovery during the COVID-19 pandemic. This case bears no resemblance to that posture. Plaintiffs' claims are tied to specific facilities and defined geographic areas, and discovery concerning Defendants' conduct, emissions, and practices at those locations will be required regardless of whether class allegations survive. Defendants' motions would not eliminate or materially narrow that location-specific discovery.

In short, none of the authorities Defendants cite support halting discovery after a prior stay has already been lifted, where discovery will be required in any event, and where the pending motions would not eliminate or meaningfully narrow the core issues in the case. Defendants therefore fail to demonstrate good cause to reimpose a stay of discovery under Rule 26(c).

**B. Further Delay Would Unduly Prejudice Plaintiffs**

Plaintiffs have a substantial interest in proceeding expeditiously. This case has been pending since August 2023, and discovery has not yet begun due to the prior stay. Continued delay risks precisely the types of prejudice Rule 26(c) is designed to prevent, including faded memories, loss of relevant information, and increased difficulty obtaining discovery from third parties. These concerns are especially pronounced in cases involving alleged toxic exposure, where claims turn on historical facts, long-term operational practices, and records spanning decades. In such cases, delay is particularly prejudicial because key evidence often resides in aging documents, institutional knowledge held by former employees, and testimony that becomes increasingly difficult to obtain over time. The prejudice here is not hypothetical. The allegations in this case involve serious, time-sensitive health conditions and that prolonged delay has real consequences for the individuals whose claims are before the Court.

Defendants argue that discovery should be stayed because the scope of the case may change. But the delay itself is a cognizable harm, particularly where the allegations concern prolonged conduct and discovery has already been postponed for more than a year. Defendants have not shown that further postponement would materially conserve resources or reduce burden. Instead, an additional stay would only compound the delay already experienced.

**C. Defendants' Asserted Burdens Do Not Justify a Second Stay**

Rather than justify the reasonableness of a second stay of discovery under Rule 26(c), Defendants devote the bulk of their Motion to relitigating the alleged merits of their Motion to Sever and Motion to Strike Class Allegations. That approach does not satisfy the requirement that a stay be supported by good cause and a balanced assessment of competing equities. See *Marquis,* 965 F.2d at 1155.

Although Defendants cite *Rafael Rodríguez Barril, Inc. v. Conbraco Indus., Inc.*, they do not meaningfully engage the balancing framework that decision requires. They do not address the majority of the factors identified by courts in this District, including Plaintiffs' interest in proceeding expeditiously, the prejudice caused by delay, the convenience of the Court, or the public interest.

Critically, Defendants never explain how resolution of their motions would eliminate—or even materially narrow—the discovery Plaintiffs will seek. Regardless of whether class allegations are stricken or claims are severed, Plaintiffs' remaining claims will require discovery into Defendants' conduct, emissions, operational practices, regulatory compliance. At most, Defendants' motions may affect the procedural organization of claims. They do not change the claims, the factual nucleus of the case, nor render discovery unnecessary.

To the extent Defendants argue that discovery should be stayed because class discovery is more expensive, that contention is overstated and misplaced. The cases Defendants rely on, especially *Chandler,* 2020 WL 12846610, at *1, involved nationwide class actions with broad, diffuse discovery demands untethered to specific facilities or locations. Here, by contrast, the putative class definition is tied to discrete geographic areas and specific facilities. Discovery concerning those locations, emissions, and practices will be required regardless of how the pending motions are resolved. Defendants' attempt to analogize this case to sprawling nationwide class actions ignores that distinction.

Defendants also contend that Plaintiffs would suffer, at most, a "relatively brief delay" if discovery is stayed. That assertion disregards the procedural history of this case. Plaintiffs have already waited more than a year without discovery due to the prior stay. Granting another stay would not impose a brief delay; it would extend an already substantial one.

Finally, Defendants' position effectively asks the Court to require Plaintiffs to wait for Defendants' preferred discovery sequencing. While Defendants remain free to defer their own discovery or prioritize certain issues as they see fit, Rule 26 does not authorize forcing Plaintiffs to postpone discovery needed to prove their claims where discovery will be required in any event. The asserted burdens identified by Defendants do not outweigh Plaintiffs' interest in moving the case forward after a stay that has already served its purpose.

### D. Judicial Economy and Case Management Weigh Against a Second Stay

Judicial economy does not favor another stay. The Court already exercised its discretion to stay discovery once for the express purpose of resolving the motions to dismiss, and that objective has been achieved. See *Marquis,* 965 F.2d at 1155 (stays must be supported by good cause and reasonable in duration). Granting a second stay under these circumstances would not streamline the litigation; it would further prolong it.

Courts evaluating requests to stay discovery must also consider the court's convenience and the efficient management of the docket. *Rafael Rodríguez Barril,* 2008 WL 11495201, at *1. Allowing discovery to be halted each time a party files additional motions would undermine the Court's ability to manage its cases and would incentivize serial motion practice as a means of delaying litigation. Granting a second stay in discovery, immediately following the lift of the prior 1-year stay, is inconsistent with that mandate.

### E. The Public Interest Favors Moving the Case Forward

In assessing a request to stay discovery, courts in this District expressly consider the public interest as part of the required balancing analysis. *Rafael Rodríguez Barril, Inc. v. Conbraco Indus., Inc.*, 2008 WL 11495201, at *1 (D.P.R. Oct. 9, 2008). The Federal Rules reflect a strong policy favoring the prompt resolution of disputes on their merits, and Rule 26 must be applied

8

consistently with Rule 1's mandate that actions be resolved in a "just, speedy, and inexpensive" manner. Fed. R. Civ. P. 1. Prolonged pre-discovery delays—particularly where discovery will be required regardless of the outcome of pending motions—undermine confidence in the judicial process and impose costs not only on the parties, but on the system as a whole. See *Marquis,* 965 F.2d at 1155 (stays must be supported by good cause and carefully balanced). Where, as here, discovery is inevitable, the public interest is best served by allowing the case to proceed.

## CONCLUSION

Defendants have not carried their burden of demonstrating good cause for reimposing a stay of discovery under Rule 26(c). They already received the benefit of a year-long discovery halt pending resolution of their motions to dismiss, and the Court expressly lifted that stay once those motions were adjudicated. The pendency of Defendants' subsequent motions to strike class allegations and to sever does not justify further delay, particularly where discovery will be required regardless of how those motions are resolved.

Granting a second stay would prejudice Plaintiffs, undermine efficient case management, and encourage serial motion practice as a means of postponing discovery. Because Defendants' asserted burdens do not outweigh Plaintiffs' interest in proceeding expeditiously—and because judicial economy and the public interest favor moving this case forward—Defendants' Motion to Stay Discovery should be denied.

**WHEREFORE,** for the reasons set forth above, Plaintiffs respectfully request that the Court deny Defendants' Motion to Stay Discovery, allowing discovery to proceed without further delay.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, this 22nd day of January 2026.

*/s/ Luis V. Almeida-Olivieri*
Luis V. Almeida-Olivieri (PR Bar #308307)
Douglas H. Sanders (PR Bar #302813)
Melissa K. Sims (*pro hac vice forthcoming*)
Nevin Wisnoski (*Pro Hac Vice*)
**MILBERG LLC**

1311 Ponce de Leon Ave. Suite 700
San Juan, PR, 00907
Tel: (516) 741-5600
Fax: (516) 741-0128
lalmeida@milberg.com
dsanders@milberg.com
msims@milberg.com
nwisnoski@milberg.com

-and-

*/s/ John R. Fonda*
John R. Fonda
*Pro Hac Vice*
**NAPOLI SHKOLNIK PLLC**
1213 Culbreth Drive, Suite 227
Wilmington, NC 28405
Tel: (919) 374-1971
jfonda@napolilaw.com

-and-

*/s/ Ari Kresch*
Ari Kresch
PR Bar # 309614
**Kresch Legal Services PR, PLLC**
1225 Avenida Ponce de Leon, Suite 605
San Juan, Puerto Rico 00907
Tel: (800) 529-3476
akresch@1800lawfirm.com

*Counsel for Plaintiffs*

10

## CERTIFICATE OF SERVICE

I, Luis V. Almeida-Olivieri, an attorney, hereby certify that on January 22, 2026, I caused a true and correct copy of the foregoing **PLAINTIFFS' OPPOSITION TO MOVING DEFENDANTS' MOTION TO STAY DISCOVERY PENDING RESOLUTION OF MOTION TO STRIKE CLASS ALLEGATIONS AND MOTION TO SEVER** to be filed and served electronically via the Court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Luis V. Almeida-Olivieri*
Luis V. Almeida-Olivieri (PR Bar # 308307)