IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JEANETTE PEREZ-MACEIRA, et al.,

Plaintiffs,

v.

CUSTOMED, INC., et al.,

Defendants.

CIVIL NO. 23-1445 (CVR)

**OPINION AND ORDER**

**INTRODUCTION**

The present case is a class action brought by nine (9) representative Plaintiffs individually and on behalf of all others similarly situated, who have lived or participated in activities near three (3) different facilities located in Puerto Rico that sterilize Ethylene Oxide ("EtO"), a known human carcinogen.  Defendants are Customed, Inc. ("Customed") located in Fajardo, Medtronic P.R., Inc. ("Medtronic") located in Villalba, and Steri-Tech, Inc. ("Steri-Tech") located in Salinas (collectively, "Defendants").  Plaintiffs brought several claims under different theories of liability, which after some motion practice, the Court reduced to negligence, public and private nuisance. (Docket No. 123).

Before the Court is Defendants' "Motion to Strike Class Allegations Pursuant to Fed.R.Civ.P. 23(d)(1)(D)" (Docket No. 138), and Medtronic's "Motion to Sever Claims and Drop Defendant Medtronic from this Action Pursuant to Fed.R.Civ.P. 21" (Docket No. 140).  Before the Court also is Plaintiffs' combined Opposition to both motions (Docket No. 154), and Defendants' Reply to the petition to strike the class allegations (Docket No. 157).

_____

The Court referred both motions to Magistrate Judge Giselle López-Soler ("Magistrate Judge López-Soler") for a Report and Recommendation (the "R&R") (Docket Nos. 159 and 160).  Defendants timely filed a limited objection to Magistrate Judge López-Soler's R&R, which Plaintiffs opposed.  (Docket Nos. 161 and 162).

## ANALYSIS

The Court may refer dispositive motions to a Magistrate Judge for an R&R.  See 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).  Within fourteen (14) days of receiving a copy of the R&R, "a party may serve and file specific written objections to the proposed findings and recommendations."  Id.  Objections must "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for the objection."  Local Rule 72(d); see also Fed. R. Civ. P. 72(b)(2).

Upon filing of a timely objection, a party is entitled to a *de novo* determination of the portions of the report or specified proposed findings or recommendations to which specific objections are made.  28 U.S.C. § 636(b)(1)(C); Total Petroleum Puerto Rico Corp. v. Fonseca-Marrero, Civil No. 16-2436 (PAD), 2018 WL 6131777, at *1 (D.P.R. 2018); Ponsa-Rabell v. Santander Securities, LLC, Civil No. 17-2243 (CCC), 2020 WL 4219685, at *1 (D.P.R. 2022); United States v. J.C.D., 861 F.3d 1, 6 (1st Cir. 2017).  When performing this review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(a)(b)(1).  Any portions of the R&R not objected to is reviewed under the "plain error" standard.  See Torres Negrón v. United States, 18 F.Supp.3d 89, 91 (D.P.R. 2014) ("[a]bsent objection by the plaintiffs, [a] district court ha[s] a right to assume that [a party] agree[s] to the magistrate's recommendation.").

Jeanette Pérez-Maceira, et al.  v. Customed, Inc., et al.
Opinion and Order
Civil No. 23-1445 (CVR)
Page 3
_____

A.  The R&R (Docket No. 160).

Magistrate Judge López-Soler's R&R recommended the petition to strike the class allegations be GRANTED IN PART and DENIED IN PART.  She found that Plaintiffs' proposed class definition violated Puerto Rico law, which requires a party to allege and prove an actual physical or emotional injury caused by another's conduct.  The proposed class failed to meet this standard insofar as it included people who have not suffered, and may never suffer, any injury.  On this basis, she concluded the class could not be certified as a matter of law and recommended that Plaintiffs be allowed to amend their definition of the proposed class.

Magistrate Judge López-Soler then addressed Defendants' second contention, that even if the class definition was viably amended, individualized questions of injury, causation, and damages would overwhelm any common issues, rendering a class action an inferior method of adjudication under Fed.R.CivP. 23(b)(3).  Besides the numerosity, commonality, typicality, and adequacy of representation under Fed.R.CivP. 23(a), a class certification under Fed.R.CivP. 23(b)(3) must also establish that common questions "predominate over any questions affecting only individual members" and the class action must be "superior to other available methods for the fair and efficient adjudication of the controversy." Fed.R.CivP. 23(b)(3). Magistrate Judge López-Soler concluded that Defendants' argument was premature because the class did not yet exist, so the Court would be left to speculate about all the certification requirements, particularly predominance and superiority, without the benefit of a concrete class definition.

Magistrate Judge López-Soler also noted that Defendants had identified a serious challenge to a class certification, to wit, that toxic-exposure personal injury class actions

are often not certified because individualized questions of exposure, causation, and damages predominate, but that certification was not impossible.  Instead, she found the caselaw held that striking class allegations at the pleading stage is strongly disfavored without discovery, which is necessary to provide the Court with sufficient information to enable it to do precisely what it is not able to do at this moment, to wit, distinguish common from individualized issues and whether the class action method is superior to individual claim adjudication.  Striking the allegations at this early juncture, without allowing leave to amend the class definition and without the benefit of such discovery, would leave the Court's Rule 23 analysis lacking.

Therefore, assuming the amendment to the class definition is legally viable, Magistrate Judge López-Soler recommended Plaintiffs be afforded sixty (60) days to conduct pre-certification discovery, including discovery relevant to the Fed.R.Civ.P. 23's requirements and to whether the proposed claims and defenses are susceptible to common proof for the Court to be in a position to make a ruling.  Magistrate Judge López-Soler suggested the parties submit a detailed pre-certification discovery plan pursuant to Fed.R.Civ.P. 26(f) which should be narrowly tailored and limited in time, identifying the depositions and other discovery needed for resolution of the certification inquiry.

In addition, Magistrate Judge López-Soler recommended that Medtronic's request to sever the claims of Plaintiff Juana Vargas Gratacós be granted. Magistrate Judge López-Soler found the only common fact between the three (3) Defendants was that each one allegedly used EtO in sterilization operations.  However, this fact alone is not sufficient to support joinder of all of them in one case because there would be differences in the circumstances surrounding the alleged exposure of the different Plaintiffs to EtO,

Jeanette Pérez-Maceira, et al.  v. Customed, Inc., et al.
Opinion and Order
Civil No. 23-1445 (CVR)
Page 5
_____

the medical evidence necessary to prove their injuries, and the EtO use in each facility. These differences, in turn, could prejudice Defendants because the jury could infer wrongdoing by one Defendant based on evidence as to another.  Thus, Magistrate Judge López-Soler recommended Plaintiffs' claims be severed into three (3) separate cases, namely, one (1) case per Defendant facility, and Plaintiffs be given a short time in which to amend the pleadings according to each individual case.

B.  Objections to the R&R (Docket Nos. 161 and 162).

Defendants submitted "a limited objection" to the Magistrate Judge's R&R, which is not an objection per se as it does not really address the merits of the R&R.  Defendants claim they are doubtful that Plaintiffs can satisfy the requirements of Fed.R.Civ.P. 23(b)(3) given the individualized questions presented by personal-injury claims arising from alleged EtO exposure.  They agree with the Magistrate Judge's conclusion that the proposed class cannot be certified, and because Plaintiffs have had multiple opportunities to properly plead a class and have thus far failed, they urge the Court to strike the class allegations at this juncture.  However, if the Court allows Plaintiffs to replead as recommended by the Magistrate Judge, they ask for an opportunity to test the sufficiency of the proposed class description before discovery.  They argue that, when Magistrate Judge López-Soler recommended that Plaintiffs be given leave to amend the class definition to a "legally viable one", this contemplated a challenge to the proposed class and they should not have to incur in the costs of class discovery before they can establish whether the class definition meets this threshold.

Defendants do not raise an objection to the request to sever and agree that the Court should sever this action into separate, facility-specific actions.  They also move the

Jeanette Pérez-Maceira, et al. v. Customed, Inc., et al.
Opinion and Order
Civil No. 23-1445 (CVR)
Page 6
_____

Court to order the different Plaintiffs to file amended complaints in their respective civil actions and drop the redundant Defendants from the present action.

In opposition thereto, Plaintiffs argue that Defendants seek a new round of pre-discovery motion practice, including renewed motions to dismiss and strike, between Plaintiffs' amendment and the 60-day class discovery period which was not contemplated by Magistrate Judge López-Soler's R&R.  The R&R does not establish a separate pre-discovery motion stage and Defendants' limited Objection offers no basis to depart from her recommendation, so Plaintiffs proffer the Court should deny Defendant's Objection and adopt the R&R. They also request leave to file narrowed, facility-specific amended complaints, followed by the recommended 60-day period of focused pre-certification discovery.

C. Analysis of the Objections.

The Court conducts a "plain error" review of the R&R as no objections were filed.

The parties did not object to Magistrate Judge-López-Soler's recommendation regarding the severance of claims by Defendant facility.  In fact, the parties agree with said recommendation. (Docket No. 161, footnotes 1 and 2; Docket No. 154, p. 33).  Absent a proper objection, the Court need only make sure there is no plain error in the Magistrate Judge's findings to adopt the same.  López-Mulero v. Vélez-Colón, 490 F.Supp.2d 214, 217-218 (D.P.R. 2007).  Finding no error, the Court ADOPTS the recommendation for severance of the claims, for the opening of an individual case for each Defendant facility and for Plaintiffs to tailor their individual claims in accordance therewith by filing an amended complaint in each separate case.

There were also no objections to Magistrate López López-Soler's finding the proposed class violates Puerto Rico law, insofar as it includes potential class members with no actual injury.  P.R. Laws Ann. tit. 31, § 18001; Torres v. KMart Corp., 233 F.Supp.2d 273, 277-78 (D.P.R. 2002); Vázquez-Filippetti v. Banco Popular de Puerto Rico, 504 F.3d 43, 49 (1st Cir. 2007).  The Court sees no error in this finding either, as Puerto Rico law cannot support such a class definition.

The Court also finds no error with Magistrate Judge López-Soler's recommendation that it would be improper to strike the class allegations without allowing Plaintiffs an opportunity to amend the proposed class.  Manning v. Bos. Med. Ctr. Corp., 725 F.3d 34, 59 (1st Cir. 2013) (noting that striking class allegations is disfavored because it is done based on the complaint's allegations and does not allow for discovery relevant to class certification).

The Court also agrees with Magistrate Judge López-Soler's proposed solution and timetable, that is, for the parties to submit a detailed and narrowly tailored pre-certification discovery plan identifying all relevant discovery items for the Court's approval, followed by sixty (60) days to conduct pre-certification discovery.

Accordingly, all the above-mentioned recommendations are ADOPTED.

Finally, the Court notes the R&R does not contemplate a separate and distinct opportunity to test the new class definition, but a right to test the sufficiency of the pleadings, however, is afforded to all parties at this level after the filing of an amended complaint.  See, e.g., Fed.R.Civ.P. 12.  As such, Defendants' request to test the sufficiency of the new proposed class action before pre-certification discovery is GRANTED.

Jeanette Pérez-Maceira, et al.  v. Customed, Inc., et al.
Opinion and Order
Civil No. 23-1445 (CVR)
Page 8
_____

## CONCLUSION

In view of the foregoing, Magistrate Judge López-Soler's R&R (Docket No. 160) is ADOPTED in full, and the Court rules as follows:

1. The "Joint Motion to Strike Class Allegations" is GRANTED IN PART and DENIED IN PART.  (Docket No. 138).  Plaintiffs are granted leave to amend their proposed class definition.

2. Medtronic's "Motion to Sever Claims" is GRANTED.  (Docket No. 140).

    a. Accordingly, this case has been severed into three (3) separate civil actions[1] assigned to the undersigned and each case corresponds to a single Defendant facility, as follows:

       • Jeanette Pérez-Maceira, José Mateo-Pérez, Lilliam Ortiz, Danisha Ortiz-Santiago, Yamel Santiago-Rivera, Elba Meléndez-Figueroa, and Lianibel Colón-Sánchez v. Steri Tech, Inc., Civil No. 26-1520 (CVR).[2]

       • Idalia Vargas-Gratacós v. Medtronic P.R., Inc., Civil No. 26-1521 (CVR).

       • Juana Castro-Moreno v. Customed, Inc., Civil No. 26-1522 (CVR).

    b. Each new case will be opened by the Clerk's Office without the payment of filing fees and a copy of this "Opinion and Order" will be uploaded in

---

[1] This original case will be administratively closed with the new cases to reflect case association.

[2] Sheila M. García-Rivera is the sole plaintiff against Steri Tech Inc. in Civil No. 25-1056 (CVR) and both parties are represented by the same attorneys in the instant case. Civ. No. 25-1056 (CVR) is stayed pending adjudication in this case of the motions object of this Opinion and Order pursuant to the joint request of the parties. Considering the rulings in this Opinion and Order, and for judicial economy and to the parties, Ms. García-Rivera may join the new case Civil No. 26-1520 (CVR) as a plaintiff when the amended complaint is filed in said case. Then, Civil No. 25-1056 (CVR) will be administratively closed to reflect case association to Civil. No. 26-1520 (CVR).

_____

each case as Docket No. 1.

c.  By September 4, 2026, Plaintiff(s) assigned to each action shall file an amended complaint in each case limited to the allegations and claims arising from the corresponding Defendant's actions in each facility. The amended complaints shall include the proposed class definition.

d.  By October 5, 2026, Defendants shall answer the amended complaints in each case or otherwise plead.

e.  After Defendants answer the amended complaints or any dispositive motions are entertained, the Court will set a deadline for the parties to submit a joint detailed and narrowly tailored pre-certification discovery plan identifying all relevant discovery items.

f.  After the Court approves the jointly submitted plan, the parties will have sixty (60) days to conduct pre-certification discovery.

IT IS SO ORDERED.

In San Juan, Puerto Rico, on this 13th day of August, 2026.

S/CAMILLE L. VELEZ-RIVE
CAMILLE L. VELEZ RIVE
UNITED STATES DISTRICT JUDGE